Pkarson, J.
 

 On the opening of the cause, the defendants* counsel moved to dismiss the bill on the ground that the suit had never been properly instituted, for that the bill was fatally defective in this: It has no prayer for process to compel the defendant to appear and answer, which he contended was an indispensable prerequisite to the institution of the suit. — - For this position,
 
 Hoyt
 
 v. Moore, 4 Ire. Eq. Rep., 175, was relied on. That case is explained and commented upon in
 
 Williams
 
 v.
 
 Burnett,
 
 Busb. Eq. 209, and it is sufficient to say it was put upon its peculiar circumstances, and the exceeding defectiveness of the bill in many particulars, and cannot be made a precedent. In the present bill, the only person who ought to have been named a defendant, is named as such; an injunction is prayed against him; the flat directs not only the injunction, but a copy and subpoena to issue to him, which accordingly are issued, and executed in obedience thereto. He
 
 *20
 
 appears at the return term; files his answer; upon his motion the injunction is dissolved; replication and proofs are taken ; the cause is set down for hearing and sent to this Court for trial. The mere statement is enough to show that it is now too late to say the cause has never been constituted in Court. If a party will accept service, there is no necessity for process, or for a prayer for process, its only purpose being to compel the defendant to appear and put in an answer..
 

 The cause is now before us for a final decree, and although it seeks for a special injunction and sequestration, it is to be-heard upon bill, answer, replication and proofs, like any other cause. In the argument, the counsel on both sides seem to-suppose that because a special injunction is prayed, the bill is-to be treated as an affidavit in behalf of the plaintiffs. That rule is not applicable to this stage of the proceedings, but is confined to the hearing on a motion to dissolve the injunction. It rests on the ground, that at that stage of the cause, the plaintiff has had no opportunity of taking proofs in support of his allegations, and as the injury would be irreparable, the result of the motion ought not to depend solely upon the-oath of the defendant. The plaintiff has now completed his-proofs ; so, the reason for considering-the bill otherwise than as a mere statement of the grounds on which he puts his equity has ceased, and the- question is, do the proofs and the admissions contained in the answer, establish the allegations of the bill, giving proper weight to any responsive denial ?
 

 The plaintiff seeks to have the slave of the defendant sequestered, whereby the rights of ownership will be essentially restricted, and rests his equity on the- ground that he fears the defendant will run the slave off to parts unknown, or sell him with that intent; and in support of this position the bill alleges that the- defendant is insolvent; the contingency of his wife’s bearing a child is very remote, and that he has
 
 “ repeatedly
 
 stated his intention of running the negro off and making: sale.” In reference to the last allegation, a particular interrogatory is put as- to the threats- to this effect, made to several different individuals, who are named.. The answer admits th.e
 
 *21
 
 first two allegations, but the last is expressly denied. No response, however, is made to the special interrogatories.
 

 The only evidence which the plaintiffs are able to produce, having a tendency to support this allegation, is the testimony •of Davenport, in regard to a conversation which took place in his presence, between the defendant and IT. II. Watters, ■and was repeated in a few-days. The special interrogatories not being responded to, this fact must be taken as sufficiently proved, although it rests upon the testimony of a single witness, notwithstanding the general denial in the answer; and the case is narrowed to this : Does the fact of this conversation establish the plaintiffs’ equity, and support the allegation of the bill ?
 

 It is obvious, that at the time of the conversation, the defendant was either drunk, or so highly excited in a quarrel, as to repel any inference of a deliberate purpose, and although, connecting it with the general allegations of the bill, treated as an affidavit, it may have been .sufficient in a prior stage of the cause, to entitle the plaintiffs'to have the property secured, pending the suit, so as to give an opportunity for a full investigation, yet, after that investigation has been made, and the cause comes on to be finally disposed of, and the result is, to show that this conversation is the only proof that the plaintiffs are able to offer in support of their allegation.., we are forced to declare that the allegation is not proven, and that the plaintiffs have failed to establish an equity to interfere with the rights of the defendant to the enjoyment of his property.; which consists not merely in the reception of the profits, or hire, but in the right to sell his estate in the slave, provided he does not sell with a fraudulent intent to defeat the ulterior interest. If the bill was sustained upon proof of this isolated conversation, those having future interests would be greatly encouraged, upon the slightest pretext, to embarrass the owmers of determinable estates, particularly where they happened to own but little other property, by forcing them to give security for its forthcoming, or to sell, at an under value, to some one who is able to give security»
 

 
 *22
 
 The bill must be dismissed, but we do not give the defendant costs. His unguarded conversation with one of the plaintiffs, gave them a plausible pretext for the investigation.
 

 Per Curiam. Pill dismissed.