JESSE E. FRALEY *vs.* JAMES A. KELLY.

Where, in an action upon a bond, the defendant pleaded his discharge in Bankruptcy, and the plaintiff replied, alleging promises to pay after the adjudication of Bankruptcy : *Held*, that evidence of a promise made after the adjudication, but before the discharge, was admissible.

Under our present system of practice, though it is more regular, where suit is brought to recover a debt which would be barred by Bankruptcy but for a subsequent promise to pay, to set forth the new promise in the complaint, yet it will suffice to set up such promise in the *reply* to an answer alleging Bankruptcy.

In case of a debt barred by a certificate of Bankruptcy, nothing less than a distinct, unequivocal promise to pay, on the part of the defendant, nowithstanding his discharge, will support an action upon the new promise.

[*Hornthal* v. *McRae, ante* p. 21, cited and approved.]

Civil action, tried before *Cloud, J.*, at Spring Term, 1872, of the Superior Court of DAVIE.

The action was brought on a note for $251.88, due March 12th, 1867, and the defendant relied, for his defence, on a *discharge* in bankruptcy, granted February 17th, 1870. The plaintiff *replied*, alleging several promises to pay the debt after the defendant was adjudicated a bankrupt, some made before and some after his discharge. The plaintiff offered to introduce evidence of an express promise to pay the note, between the time of the defendant's adjudication and that of his discharge as a bankrupt. Upon objection by the defendant, the evidence was excluded and the plaintiff excepted.

The plaintiff then offered evidence, in substance, as follows : In the Fall of 1870, the defendant offered to sell the plaintiff a mule. The plaintiff replied, " I hold your note and, it we can agree upon the price of the mule, I will credit the note with the price ;" and the defendant assented. Plaintiff and defendant agreed to meet the next day, when the price was to be fixed. Defendant failed to go to the place for the meeting,

FRALEY *v.* KELLY.

but the plaintiff was there, with the note and a bridle, and remained all day. It was also in evidence that, about the 1st August, 1870, the defendant said to the plaintiff: " Won't you take a good mule towards the debt ?" The plaintiff replied, " The money is what I want ;" and the defendant then said, " You must wait for your money." In October, 1870, upon the plaintiff's applying to the defendant again for payment of the note, the latter said, " I don't intend to pay you ; you have been talking about suing me and have consulted a lawyer." The plaintiff then asked him whether that was the only reason he would not pay him, and he replied that it was.

His Honor thereupon intimated an opinion that the plaintiff could not recover, and he submitted to a non-suit and appealed.

*Fowle* and *Bailey,* for the plaintiff.
*Clement,* for the defendant.

BOYDEN, J. In this case there are two questions made upon the ruling of his Honor.

The first, for the rejection of evidence offered on the part of plaintiff, that the defendant, after the filing of his petition, and after being adjudicated a bankrupt, but previous to his discharge, made an express promise to pay the plaintiff's debt. This evidence was objected to by the defendant, and was rejected by the Court. This question has been fully discussed in the Court of Exchequer, in the case of *Kirkpatrick* v. *Tattershall,* 13 Ex. Rep., 770 (Meeson and Welsby,) and the unanimous opinion of the Court was delivered by Parke, Baron, that such a promise was binding, and that there was no difference whether made before or after the bankrupt's discharge. In that case, as in this, there was no plea alleging any irregularity, and the only question was, whether, assuming the contract not to be tainted with any illegality, it was valid. The Court say : " There can be no question that a debt, though barred by a certificate, is a sufficient consideration for a new

promise to pay. This is a proposition which is established by many cases. It is equally clear, and indeed admitted, that, if the promise is made after the certificate has been obtained, it is binding though there be no other consideration than the old debt; but, it is contended that, if the promise be made before the certificate is obtained, the same rule does not apply; that the old debt is not sufficient, and that to make the promise binding there must be some new consideration for it. And whether the promise be made before or after the certificate, it is agreed it must be distinct and unequivocal, and must be in writing. We are all of opinion that there is no distinction in this respect between the case of · a promise made before the certificate and one made after it. Both are equally binding, though the only consideration be the old debt. But, then, the promise must be one which binds the bankrupt *personally* to pay, notwithstanding his certificate. It must be a promise that *he*, and not his estate, would pay; for the mere acknowledgement of a debt, though implying a promise to pay, would amount to no more than an account stated, and though in writing, would be a promise which the certificate would bar. The only distinction between a promise before and after the certificate is, that in the former it may be more doubtful whether the debtor meant to engage to pay, notwithstanding his discharge under the bankruptcy; if it is clear that he did, the promise is equally binding. A promise, also, before the certificate, is more open to the suspicion that it is tainted with illegality, and void for that reason; but in this case that objection does not arise." So, in our case there is no allegation that there was any illegality in the promise.

This Court, at the present term, in the case of *Hornthal* v. *McRae*, has decided this very question in accordance with the authority above cited. So that it must be declared that his Honor erred in rejecting the evidence offered. The counsel for the defendant insisted that, although his Honor might have been in error in rejecting this evidence, and that the plaintiff

would have been entitled to a new trial had he brought his action on the new promise, yet, inasmuch as he had declared upon the bond, the original cause of action, and not upon the new promise, the rejection of this evidence could work no injury to the plaintiff, as his action upon the old promise could not be sustained. This view of the case, we think, would be correct, had the action been under our old system of pleading. The authorities upon this point are conflicting, but we hold, upon a review of the cases, that both from reason and the analogies of the law the better opinion is, that the action can only be sustained upon the new promise. Certainly the right to sue upon the original cause of action was discharged by the certificate in bankruptcy, and to the plea of his discharge the plaintiff replies the new promise, thereby admitting that the original cause of action was gone, and alleging the new promise as the foundation of the action, and that the moral obligation to pay the debt still subsisted, notwithstanding the discharge, and was a sufficient consideration for the new promise. But although the plaintiff had brought his action upon the old promise, yet, when, to the plea of discharge, the plaintiff replied the new promise, this opened the whole question, and was like a new assignment, and, under our present system of pleading, equivalent to adding a second cause of action upon the new promise, which entitled the defendant to deny this second cause of action, and also, in a case where the promise was before the discharge, to allege that the new promise was in fraud of the other creditors, as having been given to prevent the creditors from opposing his discharge. Certainly, under our present liberal system of pleading, if the case is not to be regarded in the manner above suggested, the plaintiff would be allowed to amend, by adding a second cause of action upon the new promise, and the defendant to amend his answer, by denying the new promise and alleging fraud.

After the rejection of the evidence of the express promise, the plaintiff offered evidence to the following effect. That,

after the defendant had obtained his discharge, he offered to sell the plaintiff a mule, to which the plaintiff replied, " I hold your note, and if we can agree upon the price of the mule, I will credit the note with the price," to which proposition the defendant assented ; that the plaintiff and defendant agreed to meet the next day, when the price of the mule was to be fixed ; that the defendant did not go to the place agreed on, but the plaintiff did, with the note and a bridle, and remained there all day.    The plaintiff also offered evidence that, about the first of August, 1870, the defendant said to the plaintiff, " Won't you take a good mule towards the debt ?"    Plaintiff replied, " The money is what I want," and defendant then said, " You must wait for your money."

His Honor, upon this testimony, intimated an opinion that plaintiff had not made out his case, and, in deference to this intimation, he submitted to a nonsuit.    We think his Honor was right in the opinion intimated.    It was said on the argument, that less evidence was necessary to revive a debt discharged by a decree in bankruptcy than would be required of a debt barred by the statute of limitations, as the law stood before such promises were required to be in writing.    No direct authority was cited for this opinion.    This Court does not sanction that doctrine, but holds that it will require a full, express, and unequivocal promise to pay, and one that binds the bankrupt *personally* to pay, notwithstanding his certificate. As Baron Parke says, in the case cited, it must be a promise that *he*, and not his estate, would pay ; for the mere acknowledgement of a debt, though implying a promise to pay, would amount to no more than an account stated, and, though in writing, would be a promise which the certificate would bar. So that we hold that, in case of a debt barred by a certificate in bankruptcy, nothing short of a distinct and unequivocal promise by the defendant to pay, notwithstanding his discharge, will support an action upon a new promise.

There was error.    This will be certified.

PER CURIAM.                                          *Venire de novo.*