A. HENLY v. J. B. LANIER.

One who has been adjudged a bankrupt may maintain an action in his own name, upon a promissory note, which has been assigned to him as a part of his personal property exemption, under the 14th section of the Bankrupt Act.

A verbal promise made by a bankrupt, after he has received his certificate of discharge, to pay a note theretofore executed by him, is valid and binding.

(*Fraley* v. *Kelly*, 67 N. C. Rep., 78; *Hernthall* v. *McRay*, 67 N. C. Rep., 78, cited and approved.)

CIVIL ACTION, upon a promissory note, tried before CLOUD, J., at Spring Term, 1876, of DAVIE Superior Court.

All the facts necessary to an understanding of the case, as decided in this Court, are stated in the opinion delivered by Justice BYNUM.

There was a verdict for the plaintiff, and the defendant appealed.

*Shipp & Bailey*, for the appellant.
*J. M. Clement*, contra.

BYNUM, J. After the defendant executed his promissory note to the plaintiff, he was adjudicated a bankrupt; and after the plaintiff had begun his action thereon, he also was adjudicated a bankrupt, and the note sued on was assigned to him, the plaintiff, as a part of his personal property exemption, pursuant to the fourteenth section of the Act.

The defendant pleaded his certificate of discharge in bar of the action; the plantiff replied a new promise made since the discharge.

Two questions are raised: First, Can the plaintiff maintain the action in his own name? Second, Must the new promise be in writing?

1. The case states that the note sued on was a part of the plaintiff's estate, when he became a bankrupt, and after the adjudication was assigned to him, under sec. 14 of the Act, as a part of his personal property exemption. That section excepts, from the operation of the Act, the exempted property, the title to which does not pass to the assignee, but remains in the bankrupt; so that as to that, his right of property, his possession and his right of action, remain as they were before the adjudication. The action, therefore, is well brought.

2. We know of no law of this State, and no provision of the Bankrupt Act, which requires the new promise to be in writing. Upon contracts entered into since the adoption of the new Code, it is provided by statute, (see Bat. Rev., ch.

17, sec. 51,) that to take them out of the operation of the Statute of Limitations the new acknowledgment or promise must be in writing. But this applies to the Statute of Limitations only, and has no application to promises, which will take a case out of the operation of the Bankrupt Act. In *Fraley* v. *Kelly*, 67 N. C. Rep., 78, and *Hernthall* v. *McRae*, 57 N. C. Rep., 21, it was held to be sufficient to repel the bar of an adjudication in bankruptcy, to prove an unequivocal promise to pay the debt, made after the adjudication, without reference to its being in writing. The jury in our case found that such a promise was made.

There is no error.

PER CURIAM. Judgment affirmed.