ALEXANDER WISEMAN v. M. P. PENLAND and ADEN A. WISEMAN.

*Action to Recover Land—Evidence—Judgment—Judge's Charge.*

1. On the trial of an action to recover land, it appeared that a tenant of the plaintiff had been dispossessed by one of the defendants; *Held*, that evidence that the defendant informed the tenant at the time that he was acting as sheriff, was immaterial.

2. A judgment, in the absence of proper proof of fraud, must be presumed to have been fairly and regularly taken.

3. On the trial of an action to recover land, the plaintiff, to show its value at the time of a certain execution sale, offered to prove who was in possession at a certain time; the Court below admitted the testimony as evidence of possession; *Held*, not to be error.

4. The failure of a Judge to recite the testimony in his charge to the jury is not error, where it was agreed by the counsel on both sides that the testimony need not be recapitulated.

CIVIL ACTION commenced in Mitchell and removed to and tried at December Special Term, 1877, of McDOWELL Superior Court, before *McKoy, J.*

This action was brought to recover a tract of land, and the material facts relating to the claims of the plaintiff and defendants to the possession are stated in the opinion of this Court.

The following is the evidence to which the defendants' exceptions apply: 1. One W. A. Wiseman testified that he was in possession of and cultivating the land in dispute as the tenant of the plaintiff, and that he was put out of possession by A. A. Wiseman who entered and held the same for his co-defendant. Upon cross-examination the defendants' counsel proposed to ask this witness a question to show that said defendant in ousting him from the possession was acting as sheriff and performing an official duty. His Honor refused to admit the evidence upon the ground that

it was secondary, and that if he was so acting he should show the precept authorizing it.   Defendants excepted.

2. On the examination of one of defendants' witnesses, it was proposed to prove (after the witness had answered the plaintiff's question that the judgment in a certain ejectment suit since the war was taken by default) under what circumstances said judgment was taken, and whether taken fairly or not, without introducing the papers or record in the case.   This was also excluded, the Court saying that in the absence of proper proof the presumption was that the judgment was fairly taken.   Defendants excepted.

3. To show the value of the land at the time of sale, the plaintiff asked a witness, who was in possession of the tract at a certain time?   The defendants objected, for that, naked possession would not be evidence of the value, but the question was allowed on the ground that it was at least evidence of possession, if not of title.   Defendants excepted.

4. The Court refused to interrupt counsel on account of an alleged incorrect statement of material evidence in the argument of the case to the jury, remarking that it would be corrected by a recital of the testimony from the notes taken by the Court; and when about to commence the charge to the jury the Court asked if the counsel desired the evidence to be repeated to the jury, and it was expressly agreed by counsel on both sides that it need not be recapitulated.   For this non-recital of the testimony the defendants excepted.

Under the instructions of His Honor the jury rendered a verdict for plaintiff. Judgment. Appeal by the defendants.

*Messrs. W. H. Malone* and *A. C. Avery,* for plaintiff.
*Mr. J. H. Merrimon,* for defendants.

RODMAN, J.   The plaintiff's case is this. Bedford Wiseman was seized of the *locus in quo* and on the 1st of Jan-

uary, 1850, and by a voluntary deed conveyed it to his son, Ensor C. Wiseman. This deed was not proved until June Term, 1867, of Mitchell County Court, when it was proved and registered. Ensor, in 1850, was only twelve years of age. There was evidence tending to prove that soon after the date of the deed, he took possession of the land and cultivated it upon his own account for several years; while there was also evidence that it remained under the control and substantially in the possession of his father. In March, 1871, Ensor sold the land for value to the plaintiff.

The defendant claims as purchaser at an execution sale in September, 1859, under a judgment recovered by one Cowles at Spring Term, 1859, of Mitchell County Court, upon a note given by Bedford Wiseman on the 7th of May, 1858. The defendant contended that the deed from Bedford Wiseman in 1850 was fraudulent and void as to his creditors; but there was evidence to prove that Bedford did not owe any debt in 1850, and retained property worth $800 or thereabout; and there was no evidence that he ever owed any debt except this one to Cowles contracted in 1858. The long delay in registering the deed was certainly evidence of a secret trust for himself; but it is only evidence tending to prove a fraud, and not conclusive; and the Judge left the whole question of *bona fides* in making the deed, fairly and clearly to the jury, and they found that the deed from Bedford Wiseman was not made with any fraudulent intent. This rendered any finding as to the purchase by the plaintiff immaterial.

The defendant entered several exceptions to the ruling of the Judge as to the competency of evidence :—

1. The defendant offered to prove that Aden A. Wiseman, one of the defendants, when dispossessing the plaintiff said that he was acting as sheriff. It does not otherwise appear that Wiseman was sheriff, or that he had any execution in his hands. If that had appeared, any declara-

tion of his that he was acting as sheriff was superfluous; and if that did not appear, such a declaration, though evidence of the character in which he was professing to act, would not be evidence of his power. In any point of view so far as appears from the case, it was immaterial. Exception overruled.

2. The manner in which judgment was taken was immaterial. Exception overruled.

3. Exception overruled for the reason given by the Judge.

4. Exception overruled. The recital of the testimony by the Judge was expressly waived by the parties.

The defendant filed ten exceptions to the instructions of the Judge to the jury. It would be tedious and unprofitable to consider them in detail. We are clearly of opinion that none of them can be sustained. The instructions were full, fair and correct.

The objection that the complaint is defective, in that, it does not positively allege that defendants are in possession, but only that " they withhold " the land, was taken for the first time in this Court. It is unnecessary to say whether it would have been good on demurrer, or not. If it had been taken in that way, the complaint might have been amended; certainly it is cured by the verdict. The objection to the probate of the deed from Ensor Wiseman, that it does not appear to have been acknowledged by him, seems to be incorrect in part. At all events it was not taken below and must be disregarded.

No error.

PER CURIAM.                    Judgment affirmed.