JESSE E. FRALEY v. JAMES A. KELLY.

*New Promise by Bankrupt.*

The defendant, who had been adjudged a bankrupt but not discharged, said to the plaintiff, to whom he was indebted before his bankruptcy: "Your debt I will pay if I live;" and again,—"Count the interest on the note and add the principal, and send it to me at Raleigh, and I will make a draw and send you the money for the note;" *Held,* that the jury were justified in finding thereupon a new and unconditional assumption of the old debt, entitling the plaintiff to recover, notwithstanding the bankruptcy.

(*Fraley* v. *Kelly,* 67 N. C. 78; *Hornthal* v. *McRae,* Ib. 21; *Henly* v. *Lanier,* 75 N. C. 172, cited and approved.)

CIVIL ACTION, tried at January Special Term, 1878, of ROWAN Superior Court, before *Kerr, J.*

The facts are sufficiently stated in the opinion. There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Mr. W. H. Bailey,* for plaintiff.
*Messrs. J. E. Brown,* and *J. M. Clement,* for defendant.

FAIRCLOTH, J. The defendant being indebted to the

plaintiff was adjudged a bankrupt, and the plaintiff brings this action for the same debt, and declares on a new promise. The plaintiff testified that after the adjudication in bankruptcy he presented his note to defendant and he said: " Your debt and Mose Wagoner's I will pay if I live." He also testified that on another occasion defendant said to him: " Count the interest on the note and add the principal and send it to me at Raleigh, and I will make a draw and send you the money, for the note." There were some other conversations between them, and it was in evidence that the defendant was solvent before the commencement of this action.

This issue was submitted to the jury: " Did the defendant, after he went into bankruptcy and before he obtained his discharge, make an unconditional and unequivocal promise to pay the debt he; owed the plaintiff?" to which the jury responded, " Yes."

This finding would seem to leave no question in dispute. We have said several times that the defendant is liable on the new promise under such circumstances. *Fraley* v. *Kelly*, 67 N. C., 78; *Hornthal* v. *McRae*, 67 N. C., 21; *Henly* v. *Lanier*, 75 N. C., 172; *Randige* v. *Lyman*, Sup. Judl. Court of Mass., March, 1878.

No error.                               Affirmed.