JESSE E. FRALEY v. JAMES A. KELLY and others.

## Homestead—Bankruptcy—New Promise.

1. A homestead is allowed against a judgment obtained on a new promise to pay a debt after the discharge of the defendant in bankruptcy in 1870.
2. A promise of defendant to pay a debt discharged in bankruptcy, does not revive the original contract so as to re-invest it with an actionable quality, but only recognizes it as the consideration to support the new promise.

(*Wiseman* v. *Penland*, 79 N. C., 197; *Fraley* v. *Kelly*, 79 N. C., 348, cited and approved).

CIVIL ACTION tried at Fall Term, 1882, of DAVIE Superior Court, before *Gudger, J.*

The plaintiff obtained a judgment in 1878 (on a note dated in January, 1866, as he alleges) against the defendant, Kelly, which was affirmed in the supreme court, from which executions have regularly issued but without satisfaction. Kelly owns and has owned a valuable tract of land in Davie county since the year 1866, which is subject to the dower of his mother. On the 13th of March, 1873, he conveyed the same in trust to the defendant, J. M. Clement, to secure a certain debt, with power to sell the land if the debt was not paid within one year from the date of the deed; and on the 16th of September, 1876, he executed another deed in trust to the defendant, W. A. Clement, to secure a debt due by note ·for $403.25, with like power to sell. Besides these deeds, there were several judgments docketed in the superior court, which had a lien on the land. It was admitted that the debts secured by said deeds had never been satisfied. The defendant, Kelly, was adjudicated a bankrupt and obtained his discharge in 1870.

The plaintiff asks the court to compel the defendant, J. M. Clement, to sell Kelly's interest in the land conveyed to him, and after paying the secured debt, to satisfy his judgment and the costs incident thereto in the superior and supreme courts. The defendant did not resist the sale of the land, but contended

that he was entitled to his homestead (subject to the dower of his mother and the mortgage liens) against the debt of the plaintiff.

His Honor adjudged that the defendant was entitled to his homestead against the debt of the plaintiff, and that W. A. Clement be appointed a commissioner to sell said land, after allotting the defendant's homestead, and apply the proceeds first to the satisfaction of the mortgages, then to the docketed judgments having liens prior to the plaintiff's claim, and the surplus to the plaintiff's judgment. From which judgment the plaintiff appealed.

*Messrs. J. M. McCorkle* and *W. H. Bailey*, for plaintiff.
*Messrs. Watson & Glenn* and *Gray & Stamps*, for defendant.

ASHE, J. The question presented by the appeal is, was there error in the judgment of the superior court in holding that the defendant, Kelly, was entitled to his homestead in the lands, described in the pleadings, against the claim of the plaintiff, and this involves the inquiry, whether the plaintiff's judgment was founded upon the original contract evidenced by the note, given in 1866, or on the new promise to pay that debt; if upon the new promise to pay after going into bankruptcy, there can be no question he is entitled to his homestead against the judgment.

The plaintiff says the action was upon the note, but the defendant says that is not so; that the action was brought upon the new promise. This made it incumbent on the plaintiff to establish the fact that the action was founded upon the note, which he has failed to do, and the legal presumption is against him; for in the absence of proof to the contrary, a judgment is presumed to have been properly and regularly rendered. *Wiseman* v. *Penland*, 79 N. C., 197.

The note given in 1866 was extinguished by the discharge in bankruptcy of the defendant, Kelly, in 1870, and no action could properly be brought upon it after that. The plaintiff was with-

out remedy except upon a new unconditional and unequivocal promise to pay the debt, and the action must be brought upon the new promise. The new promise does not revive the original contract so as to re-invest it with an actionable quality, but only recognizes its moral obligation, so far as to admit it as the consideration to support the new promise. This is well settled doctrine. It has been decided in this state time and again, and in this very case, which has been twice before this court—reported in 67 N. C., 78, and in 79th N. C., 348. In this latter case it appears from the record that the action was upon the new promise, and the issue submitted to the jury was, "did the defendant, after he went into bankruptcy and before he obtained his discharge, make an unequivocal promise to pay the debt he owed the plaintiff?" to which the jury respond, "yes."

"This finding," say the court, "would seem to leave no question in dispute. We have said several times that the defendant is liable on the new promise under such circumstances." In support of the position, the court cited the cases of *Fraley* v. *Kelly*, 67 N. C., 78; *Hornthal* v. *McRae, Ib.*, 21; *Henly* v. *Lanier,* 75 N. C., 172; and to the same effect is *Kirkpatrick* v. *Pattershall*, 13 Ex. Rep., 770, M. & W.

Holding, as we do, that the judgment of the plaintiff was founded upon the new promise, it was a new contract, and the defendant, Kelly, is entitled to his homestead against it. But how his right of homestead and the widow's right of dower are to be adjusted, and what portion of the land is to be sold, are questions we are not called upon by the record to decide. The defendants have not presented these questions by exception to the judgment below. They have shown they were content with the judgment by not appealing. There is no error. This must be certified, &c.

No error.　　　　　　　　　　　　　　　　　Affirmed.