### W. H. WESTALL v. L. B. JACKSON.

(Filed 25 September, 1940.)

**1. Bankruptcy § 11—**

A claim provable in bankruptcy is released by the order of discharge even though the debt is not scheduled if the creditor has notice or actual knowledge of the proceeding in bankruptcy.

**2. Same—Where debtor promises to pay the debt after the filing of petition in bankruptcy, creditor's action is on the new promise and not the original debt.**

Where the debtor makes a new promise to pay the debt evidenced by a note, subsequent to the filing of the petition in bankruptcy but before the order of discharge is entered, the creditor's action instituted subsequent to the proceedings is upon the new promise and not upon the note, the right to maintain an action upon the note being extinguished by the discharge and the original debt being recognized only to the extent of admitting it as a consideration for the new promise. Whether C. S., 990, is applicable to a promise made subsequent to the filing of the petition in bankruptcy but before the order of discharge is entered, *quære.*

WESTALL *v.* JACKSON.

**3. Same—**

A bankrupt is not estopped to set up the discharge in bankruptcy as a defense to a claim because of a promise not to plead the discharge made after the petition in bankruptcy is filed, since the express and direct provisions of the discharge cannot be waived. In the present case plaintiff did not allege or prove a promise not to plead the discharge or rely upon waiver or estoppel.

**4. Limitation of Actions § 2e—**

Plaintiff, the payee and holder of a note, alleged that the debtor advised him not to enter claim in bankruptcy, and made a promise after the filing of the petition but before the order of discharge was entered to pay the note. *Held:* Plaintiff's cause of action is on the new promise and not the original note, and the new promise being made more than three years prior to the institution of the action, plaintiff's cause is barred by the statute of limitations. C. S., 441.

APPEAL by plaintiff from *Warlick, J.,* at April Term, 1940, of BUNCOMBE. Affirmed.

Civil action to recover on note executed by the defendant.

On 14 July, 1929, defendant executed and delivered to the plaintiff his promissory sealed note in the sum of $2,500.00, payable 120 days after date. On 15 December, 1933, defendant filed a voluntary petition in bankruptcy. The schedule, filed 28 December, 1933, included an open account indebtedness to plaintiff but did not include the note. An order of discharge in bankruptcy was issued 8 January, 1935.

A few days after filing the petition in bankruptcy defendant informed the plaintiff that he had filed a petition in bankruptcy and stated to plaintiff that if he got any notice from the bankruptcy court for him not to file any claim at all, that he was going to pay plaintiff and that he had not included the debt in the schedule.

This action was instituted on 4 November, 1939. In his complaint he declares on the note. The defendant answering sets up and pleads the adjudication and discharge in bankruptcy. In reply plaintiff alleges the defendant's promise to pay the note, made after the petition in bankruptcy and before the discharge, and pleads that by reason thereof "the said note and indebtedness which it evidences was not and is not discharged by the bankruptcy proceedings."

At the conclusion of the evidence on motion of defendant the court entered judgment of nonsuit. The plaintiff excepted and appealed.

*Jordan & Horner for plaintiff, appellant.*
*Weaver & Miller for defendant, appellee.*

BARNHILL, J. It is admitted in the record that defendant filed a petition in bankruptcy after the execution of the note in controversy and

that he was duly discharged, and the plaintiff testified that he had actual knowledge of the proceedings in bankruptcy. Thus the questions presented are clearly defined: (1) May the plaintiff now maintain an action on the note? (2) Is the plaintiff's cause of action bottomed upon the promise to pay made after petition in bankruptcy and, if so, is it barred by the statute of limitations duly pleaded by the defendant?

A provable claim is released by the order of discharge even though the debt is not scheduled if the creditor had notice or actual knowledge of the proceeding in bankruptcy. U. S. C. A., Title II, Bankruptcy, sec. 35. That the plaintiff's note falls within the class of provable claims is not contested. The order of discharge in bankruptcy relates back to and takes effect as of the date of the filing of the petition. *Zavelo v. Reeves,* 227 U. S., 625, 57 L. Ed., 676; *Everett v. Judson,* 228 U. S., 474, 57 L. Ed., 927. The plaintiff is without remedy except upon a new unconditional and unequivocable promise to pay the debt made after the petition in bankruptcy. The legal right to maintain an action upon the original note when the bankruptcy is pleaded being extinguished by the discharge in bankruptcy *sans* the promise to pay made after the filing of the petition the plaintiff has no cause of action.

The plaintiff's contention that notwithstanding the new matter set out in his reply this action is upon the note cannot be sustained. It was so held in *Fraley v. Kelly,* 67 N. C., 78, *supra,* where the proceedings as to the pleadings were the same as here. As there held, the reply alleging the new promise opened the whole question and was equivalent to adding a new cause of action upon the new promise. Only when the pleadings are thus considered may it be held that plaintiff has stated a cause of action. *Fraley v. Kelly,* 88 N. C., 227; *Fraley v. Kelly,* 67 N. C., *supra;* *Hornthall v. McRae,* 67 N. C., 21; *Henly v. Lanier,* 75 N. C., 172.

While the discharge affords a complete legal defense to the enforceability of provable claims in existence at the time the petition was filed it does not relieve the bankrupt's liability upon debts or obligations incurred subsequent to the filing of the petition. A new promise to pay the debt, being supported by the moral obligation of the old debt, can be enforced at law. *Fed. Nat'n. Bank v. Koppel,* 148 N. E., 379; 40 A. L. R., 1443, 3 R. C. L., 324; 7 Remington Bankrupt (3d), sec. 3499; *Zavelo v. Reeves, supra; Fraley v. Kelly,* 67 N. C., *supra; Hornthall v. McRae, supra.* "The new promise does not revive the original contract so as to reinvest it with an actionable quality but only recognizes its moral obligation so far as to admit it as the consideration to support the new promise. This is well settled doctrine." *Fraley v. Kelly,* 88 N. C., *supra.*

The new promise, if made, was made more than 3 years next prior to the institution of this cause and action thereon is barred by the three-year statute of limitations. C. S., 441.

The plaintiff does not plead the new promise as a waiver or by way of estoppel. No agreement not to plead the discharge in bankruptcy is alleged or proven. Even if such were permissible, and we do not so hold, the bar of the discharge under the terms of the Bankruptcy Act is not restricted to those instances where the debtor has not waived his right to plead it. It is universal and unqualified in its terms. It affects all debts within the scope of its words. It would be contrary to the letter of the law and incompatible with the spirit of the act and its aim would largely be defeated if the express and direct provisions of the discharge could be waived. The bankrupt is not estopped to set up the discharge in bankruptcy as a defense to a claim because of a promise made after the petition in bankruptcy was filed. *Jelliffe v. Thaw,* 67 Fed. Rep., 880 (C. C. A., 2d); see, also, *Shapley v. Abbott,* 42 N. Y., 443, 1 Am. Rep., 548.

The defendant relies upon C. S., 990, and contends that the provisions thereof relate to a promise made subsequent to the filing of the petition in bankruptcy but before the order of discharge is entered. This we need not now decide. However, it is interesting to note that the series of cases in our own reports, beginning with the *Fraley case,* 67 N. C., *supra,* which hold that an action can be maintained upon a new promise to pay a debt provable in the bankruptcy proceedings, when made after the filing of the petition, all preceded the enactment of ch. 57, Public Laws 1899, which is now C. S., 990. So far as we have been able to ascertain there has been no decision to like effect since, when the promise was not in writing. See *Bank of Elberton v. Vicery,* 92 S. E., 547; *Jelliffe v. Thaw, supra.*

The judgment below is
Affirmed.