STILWELL <em>vs.</em> COOPE.

A promise *to settle* a liquidated demand, respecting which there was no dispute between the parties, is a promise *to pay* it.

Where the maker of a promissory note, after presenting his petition to be declared a bankrupt, promised the holder to pay it, and afterwards obtained his discharge; *held* that the promise was binding and saved the debt from the operation of the discharge.

ERROR to Kings C. P. Stilwell sued Coope before a justice in assumpsit, and recovered: the case went to the C. P. by appeal, where the plaintiff proved a demand against the defendant for work, &c., amounting to $29,50. The only controversy was upon the set-off of a note which the plaintiff gave to the defendant on the 13th of August, 1842, for $114,47, payable 90 days after date. The plaintiff relied on his discharge as

a bankrupt as an answer to the set-off. His petition for a dis charge was presented the 29th of December, 1842, and a decree in bankruptcy was entered February 2, 1843. The discharge was granted July 27th of the same year; and it was from all debts which the bankrupt owed at the time of the presentation of the petition. In answer to the discharge the defendant proved a conversation between the plaintiff and himself in relation to the note, in which the plaintiff said to the defendant, the note should be settled. This was in the spring of 1843. The defendant requested the court to charge the jury, that the promise proved was not a sufficient promise to renew the debt. The court declined so to charge: and charged the jury, that if the promise to pay the debt was made after the petition and decree in bankruptcy, and before the discharge, the discharge was no bar to the note as a set-off. The plaintiff excepted; and the jury found a verdict for the defendant for $84,96, on which judgment was rendered. The plaintiff brings error.

*N. F. Waring,* for plaintiff in error.

*W. Mitchell,* for defendant in error.

*By the Court,* BRONSON, Ch. J. At the time of the conversation between the parties in the spring of 1843, there was no question but that the note was justly due to the defendant, and wholly unpaid. A promise, under such circumstances, that the note should be *settled,* could mean nothing less than that it should be *paid.* (*Pinkerton* v. *Bailey,* 8 *Wend.* 600.) This is enough without noticing the special circumstances mentioned in the case, which tend to the same conclusion.

The discharge only affects debts which the bankrupt owed at the time of presenting his petition. The note was made before that time; and the promise was made between the presentation of the petition and the granting of the discharge. It seems to be settled, that a promise made at that period will

save the debt from the operation of the discharge. (*Roberts* v. *Morgan,* 2 *Esp.* 736 ; *Brix* v. *Braham,* 1 *Bing.* 281 ; *Tooker* v. *Doane,* 2 *Hall,* 538, *per Jones, C. J.*)

Judgment affirmed.