LOUIS H. HORNTHAL *et al. vs.* SHERROD H. McRAE.

Where a debtor, after filing his petition in bankruptcy, but before obtaining his discharge, promises, in consideration of the old debt, and of a new credit for the purchase of goods, to pay the old debt as well as the new, his subsequent discharge is no defence against his promise to pay such old debt.

Civil action tried before *Watts, J.*, at Spring Term, 1872, of the Superior Court of WASHINGTON.

The plaintiffs claimed two thousand dollars, as being due on an account for goods sold and delivered before the 1st of June, 1868.

The defendant put in evidence his discharge in bankruptcy, granted by the United States District Court for the District of Albemarle, in North Carolina, discharging him from all debts contracted before June 1st, 1868.

The plaintiffs then offered to prove a promise by the defendant to pay the demand, made after filing his petition in bankruptcy; but the testimony was objected to by the defendant and ruled out by the Court.

The plaintiffs then offered to prove that after the 1st day of June, 1868, the defendant agreed with plaintiffs that if they would sell him goods on credit, to the value of five hundred dollars he would pay for the goods, and the amount due on the old account, to wit, two thousand dollars; that the sale of the five hundred dollars worth of goods was so made, and subsequently paid for by the defendant, before the bringing of this action. This was objected to by the defendant and excluded by the Court.

There was a verdict and judgment for the defendant, and the plaintiffs appealed.

*Smith* & *Strong* for the plaintiffs,

Cited *Corliss* v. *Shepherd*, 28, Maine Rep. 550, Eden on Bankruptcy 35. Law Lib. 429, sec. 15. *Spoorm* v. *Russell*, 30, Maine Rep. 454. *Williams* v. *Robbins*, 32, Maine Rep. 181. Chitty on Contracts 47, 190. *Kirkpatrick* v. *Tattersall, Meeson* & *Welsby*, 13, Exch. Rep. 770.

No counsel for the defendant.

PEARSON, C. J. The question is—a debtor, after being adjudicated a bankrupt, but before the discharge, promises in consideration of the old debt, and in consideration of a new credit for the purchase of goods, to pay the old debt, the discharge which he expected to obtain, to the contrary notwithstanding—can the discharge be set up as a bar to a recovery on this new promise?

The law is so clearly expressed by Parke, Baron, in *Kirkpatrick* v. *Tattersall, Meeson* & *Welsby*, (13, Exchequer,) 770, that it is unnecessary to do more than to give a few extracts

HORNTHAL *et al. v.* McRAE.

from the opinion. "There is no plea alleging any illegality, nor does the contract appear on the face of it to be illegal. Consequently the only question is, whether, assuming the contract not to be tainted with any illegality, it is valid."

"There can be no question, that a debt, though barred by a certificate, is a sufficient consideration for a promise to pay it. But it is contended, that if the promise be made before the certificate is obtained the same rule does not apply. We are all of opinion, that there is no distinction in this respect between a promise made before the certificate and one made after it, both are equally binding, though the only consideration be the old debt. But then the promise must be one which binds the bankrupt *personally* to pay, notwithstanding his certificate," &c. &c.

"The only distinction between a promise before and after the certificate is, that in the former it may be more doubtful, whether the debtor meant to engage to pay, notwithstanding his discharge under the bankruptcy; but it is clear, that if he did the promise is equally binding."

For error in excluding evidence of a new promise, there must be a *venire de novo.*

PER CURIAM.                              *Venire de novo.*