# EPHRAIM MARSHALL

## *v.*

# ADDISON L. TRACY.

NEW PROMISE — *after bankruptcy, renews original liability.* A subsequent promise to pay a note barred by a discharge in bankruptcy, removes the bar created by the discharge and renders it competent evidence under the common counts as an original cause of action.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

Mr. E. G. JOHNSON, and Mr. L. HARMON, for the appellant.

Messrs. CRATTY BROTHERS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The declaration in this case is in assumpsit, and contains only the common counts. Appellant pleaded his discharge in bankruptcy as to the several causes of action, to which appellee replied a new promise since the discharge, and on that plea issue was joined. With the declaration an itemized account was filed. Appellee offered, and read without objection at the time, as evidence, a promissory note of appellee. He also offered to read a chattel mortgage, which recited an indebtedness, but objections being interposed the same were sustained.

One question raised was, whether appellee could declare on the original cause of action, or whether he was bound to declare specially on the alleged new promise. Chitty, in his work on Pleading, states the rule to be " when the subsequent promise is effectual, it is sufficient to declare upon the original consideration, unless where the promise is conditional, in which case it seems to be necessary for the creditor to declare specially."

The authorities are not all harmonious on this question, but the doctrine best sustained by authority is that the original cause of action is not destroyed by the discharge in bank-

ruptcy. The bar which the discharge interposes may be removed by an unconditional new promise, and the debt revived upon the original consideration. *Shippey* v. *Henderson*, 14 Johns. 178; *Way* v. *Sperry*, 6 Cush. 238; 1 Chitty's Pleading, 54.

In *Way* v. *Sperry* it was decided an unconditional promise by the maker of a promissory note to pay the same to the payee imparted to it again the quality of negotiability, although the promise was founded on no new consideration, and was not in writing.

In the case at bar the new promise to pay, if one was made, removed the bar created by the discharge in bankruptcy, and hence the note was competent evidence, under the common counts, as an original cause of action. It was not necessary the promise should be in writing. *Way* v. *Sperry, supra.* In *Graham* v. *Hunt*, 8 B. Monroe, 7, to which our attention has been called, as holding the doctrine that a promise to pay a note barred by discharge in bankruptcy, to be valid must be in writing, the indebtedness seems to have been secured by a specialty, and it was held a mere parol promise to pay the debt did not revive the specialty by which it was originally secured. The case is not analogous, and can have no application to the case we are considering.

The only question about which we can have any doubt is, whether there was an unconditional promise on the part of appellant to pay appellee the indebtedness which was due him prior to the discharge in bankruptcy. The question was submitted to the jury on instructions sufficiently accurate to enable them to comprehend the real issues involved, and it is not perceived how we can do otherwise than regard the verdict as settling the controverted facts.

The evidence, though slight, would justify the conclusion reached. The verdict is not so palpably against the weight of the evidence, as suggested, as would authorize a reversal of the judgment for that reason alone.

The instructions to which exceptions are taken, though not

free from all imputation of unfairness in the manner of their construction, when construed with those given for appellant, could hardly be said to be of such a character as to mislead the jury. The substance of all the charges is, the jury must be satisfied from the evidence there was an unconditional promise, after the discharge in bankruptcy, to pay the indebtedness, before a recovery could be had. We can regard the verdict in no other light than as finding such a promise was made. This fact would support the judgment, and it must accordingly be affirmed.

*Judgment affirmed.*