PETER J. CLASSEN

*v.*

BENJAMIN SCHŒNEMANN *et al.*

1. BANKRUPTCY—*debt contracted through fraud not discharged.* If goods are sold for cash on delivery, and the purchaser obtains their possession without payment, and immediately ships them beyond the reach of the seller and then refuses to pay, his conduct may be regarded as fraud in the creation of the debt, as contemplated by the 23d section of the Bankrupt Act, and his discharge will not release him.

2. SAME—*new promise to pay.* If a debtor, after his discharge in bankruptcy, makes a new promise to pay the debt, then his discharge will not preclude a recovery.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BONNEY, FAY & GRIGGS, for the appellant.

Messrs. ROSENTHAL & PENCE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

There is no controversy between the parties over questions of law arising upon the record. The appellant in his argument has discussed the questions of fact, and urges a reversal of the judgment solely upon the ground that the judgment rendered by the court, before whom a trial was had without a jury, is against the weight of the evidence.

Where no error of law is complained of, we can not disturb the finding of the court unless the judgment is clearly and manifestly contrary to the evidence.

The only question, then, presented by this record is, whether there was evidence before the court upon which the judgment can be predicated.

The action was brought by appellees to recover a balance due for a quantity of hides sold appellant. The amount of the debt was not disputed, but appellant interposed the defense that after the debt was contracted he was duly discharged in bankruptcy from all his debts, pursuant to the bankrupt laws of the United States.

To this appellees replied—

*First,* that the debt was created by the fraud of appellant, and therefor was not affected by the discharge.

*Second,* after adjudication in bankruptcy, and after discharge, appellant promised to pay the debt.

Whether there was fraud in the creation of the debt depends upon the question whether the hides were sold for cash or upon credit. If it be true that the sale was for cash, and appellant obtained the possession of the hides under an agreement to pay cash on delivery, and shipped them beyond the control of appellees and then refused to pay cash, such conduct might be regarded a fraud in the creation of the debt, as contemplated by the 33d section of the Bankrupt Act.

The evidence upon the terms of the sale is confined to the two appellees on the one side, and appellant on the other. Benjamin Schœnemann, one of the appellees, says : "In the latter part of September, 1868, he (appellant) bought of us

20—80TH ILL.

628 hides, weighing 39,429 pounds, at 12½ per pound, the terms cash, as they usually were—we had always sold for cash." It also appears, from the evidence of this witness, that the hides amounted to the sum of $4,929.62; that the delivery was completed October 3, having been commenced two or three days previous; that during the time the hides were being weighed and delivered appellant paid $2000, and on the 6th of October $729.62, making a total of $2,729.62; that the hides were immediately shipped by appellant to Boston; that when the last payment was received, appellees, being unable to get the balance due, were obliged to take a check on the Union National Bank, which has never been paid. Sam'l Schœnemann, the other appellee, testified he was not present when the hides were sold, but the terms were always cash. After the check had been obtained, he called upon appellant with it, who said: "I know I bought these hides for cash, but it is as good as cash."

By the evidence of each of these witnesses it appears the hides were sold for cash. The only evidence to contradict this is that of appellant, who testified he was to pay one-half when the hides were weighed, and the balance in eight or ten days. But even the evidence of appellant upon this point is not consistent with his acts. On the 6th day of October, when he was unable to pay the balance due on the hides, he gave a check for the amount and dated it on the 10th day of October, four days later. To the amount due he added two and one-half dollars interest for the four days. If it be true, as appellant claims, that under the contract he was to have credit eight or ten days to pay one-half of the purchase price for the hides, we can not well understand why appellant paid interest for the four days time he took to pay the money named in the check. If, then, appellant obtained the possession of the hides under a contract to pay cash on delivery, and at once shipped them beyond the control of appellees and then refused payment, it needs no argument to show that such conduct might warrant the conclusion that the debt was created by fraud; and while there is some conflict in the evidence upon this point, we are satisfied the preponderance is clearly with appellees.

In regard to the second branch of the case, if appellant, after he obtained a discharge in bankruptcy, made a new promise to pay the debt, then the discharge would not preclude a recovery.

The record contains evidence that, after petition filed, and after adjudication, and even after the discharge, the appellant promised to pay the debt. It is true, much of this was denied by appellant, but it was for the court, who heard the evidence, to determine who told the truth, and to determine upon which side the testimony preponderated, and where this has been done, and a conclusion reached upon conflicting proof, it is no part of the duty of an appellate court to interfere.

The judgment will be affirmed.

*Judgment affirmed.*