GOTTLEIB M. YOUNG

v.

ELIZABETH DENSLINGER.

1. EVIDENCE—PROOF OF DISCHARGE IN BANKRUPTCY.—The pleadings put in issue the fact of a discharge in bankruptcy, and to establish that fact, appellant offered in evidence the deposition of the clerk of the District Court of the United States, to the effect that appellant filed his voluntary petition in bankruptcy in that court, and the destruction of the files and records by fire. A memorandum of the register in bankruptcy of his final report in the case was also offered in evidence, and the appellant testified that he had received a certificate of his discharge, and that the same was lost. *Held*, in the absence of proof to the contrary, that the discharge in bankruptcy was sufficiently proven.

2. NEW PROMISE.—To the plea of discharge in bankruptcy, the plaintiff replied a new promise, and a demurrer was sustained to such replication. The replication to the plea of new promise put in issue a fact, as such promise, if made, was a waiver of a defense which the law otherwise permitted the defendant to make, and should have been tried. It was error to sustain a demurrer thereto.

ERROR to the Circuit Court of Peoria county; the Hon. DAVID McCULLOCH, Judge, presiding.

Messrs. CRATTY BROTHERS, for plaintiff in error.

Mr. M. M. BASSETT, for defendant in error; that the certificate of a clerk of the court, of the substance or purport of a record,

Young v. Denslinger.

is not competent evidence, cited 1 Greenleaf on Ev. § 507.

Upon the question of new promise: Otis v. Gazlin, 31 Me. 567; Maxim v. Morse, 8 Mass. 127.

Pillsbury, J.   This was a proceeding by defendant in error against plaintiff in error, to revive a judgment by *scire facias*.

The defendant pleaded, among other pleas, that since the rendition of the judgment sought to be revived, he had been adjudicated a bankrupt on his own petition, and had received his discharge, etc.

The plaintiff filed several replications to the pleas of discharge, the eighth of which is that of a new promise to pay the judgment.   A demurrer was sustained to all the replications except the first and second, which put in issue the certificate of discharge alleged in the third and fourth pleas.

A trial was had before the court, a jury being waived, and a judgment of revivor entered, and the defendant prosecuted this writ of error.

The only question presented is whether the court erred in finding that no discharge in bankruptcy was issued to the defendant.   The defendant, to sustain his pleas, read in evidence the deposition of William H. Bradley, clerk of the District Court of the United States, for the Northern District of Illinois, who testifies that the defendant filed his voluntary petition in bankruptcy in that court on the 21st day of November, A. D. 1867, and that all the original papers, memoranda of register and court records of that proceeding were destroyed by the great fire of 1871.   That after the fire he received from the Register a memorandum of the proceedings in that case had before him.   This memorandum was put in evidence, from which it appears that on the 15th of July, 1868, the Register made a final report to the court, recommending that a discharge be issued to the bankrupt.

The deposition of the defendant was then read in evidence, in which he testifies that he instituted the proceedings in bankruptcy, and obtained his final discharge on the 21st day of July, 1869.   That his certificate has been lost, but that he knows he had it as late as 1872.   That he has made diligent

search for it and cannot find it, etc. This was all the evidence in the case.

No objection was made to the sufficiency of the preliminary proof of loss of the certificate, and we are satisfied that the proof is sufficient as it stands in the record, to sustain the pleas under which it was offered. The defendant cannot be prejudiced, because the records in Chicago were burned, if he can plainly satisfy the court of their once existence and their contents; and the presumption must prevail, we think, in absence of proof to the contrary, that, as he procured a certificate of discharge, he was regularly adjudicated a bankrupt. Upon the issues tried before the court the judgment should have been for the defendant. We are of the opinion that an issue of fact should have been formed upon the replication of a new promise, as such promise to pay the debt after a discharge in bankruptcy waives a defense which the law otherwise permits him to make. Way v. Sperry, 6 Cush. 238; Classen v. Schœnemann, 80 Ill. 304.

The judgment must be reversed, and cause remanded, with leave to form issue of fact upon a replication of new promise, if the parties so desire.

Judgment reversed.