## OLIVER BROCKMAN

### v.

## HENRY C. SIEVERLING ET AL.

1. NOTE — DEATH OF PRINCIPAL — MUST BE PRESENTED AGAINST ESTATE.—Where the principal maker of a note dies, the note must be presented as a claim against his estate within two years after the granting of letters of administration, or the sureties will be discharged.

2. PROMISE BY SURETIES TO PAY.—A promise by the sureties to pay, made before the expiration of the two years' limitation, does not add to the obligation already existing, and cannot have the effect to relieve the holder from his duty to present the claim against the estate.

3. PROMISE AFTER TWO YEARS—WILL BIND SURETIES.—Where there was originally a sufficient consideration upon which an action could have

Brockman v. Sieverling.

been sustained, but in consequence of some statute the right of action is suspended, and the party exempted from legal liability, the moral obligation is sufficient to support an express promise to pay. So, a promise by the sureties after the expiration of the two years, to pay, is binding.

4. PAYMENT OF INTEREST AFTER LIMITATION.—The mere payment of interest by the sureties, after their release by operation of law, will not of itself revive the original obligation.

5. NEW PROMISE—NEED NOT BE DECLARED UPON.—It is not necessary that the new promise be declared upon as the foundation of the right to recover; it may be set up by way of replication to defendant's plea of the statute of limitations.

ERROR to the Circuit Court of Greene county; the Hon. A. G. BURR, Judge, presiding.    Opinion filed June 29, 1880.

Mr. JAMES W. ENGLISH, for plaintiff in error; that a new promise will take the case out of the Statute of Limitations, cited Angell on Limitations, Ch. 20; Sennott v. Horner, 30 Ill. 429; Wooters v. King, 54 Ill. 343; Carroll v. Forsyth, 69 I l. 127.

Partial payment will prevent the running of the statute; Angell on Limitations, 261.

Mr. CHARLES D. HODGES and Mr. JAMES R. WARD, for defendants in error; that the note should have been presented against the estate of the principal, cited House v. Trustees of Schools, 83 Ill. 368; Curry v. Mack, 90 Ill. 606.

It was not necessary for the court to dispose of the general issue; the special plea presenting a bar to the entire action; Mt. Carbon C. & R. R. Co. v. Andrews, 53 Ill. 177.

Plaintiff cannot set up new promise by way of replication; 1 Chitty's Pl. *644; Hite v. Wells, 17 Ill. 88; McConnell v. Kibbe, 29 Ill. 485; Beatty v. Nickerson, 73 Ill. 605; Quincy Coal Co. v. Hood, 77 Ill. 68; Hopkins v. Woodward, 75 Ill. 62.

Pleadings will be taken most strongly against the pleader; 1 Chitty's Pl. *545; Leman v. Stevenson, 36 Ill. 49; Claycomb v. Munger, 51 Ill. 373.

A consideration should be shown for the new promise; Eddy v. Roberts, 17 Ill. 505.

Where time has been given the principal without the knowl-

edge of the surety, a subsequent promise by the surety will not bind him unless upon a new consideration: Savage v. Hutchins, 23 Me. 565; Welch v. Seymour, 28 Conn. 387; Merrimack Co. Bank v. Brown, 12 N. H. 320; Montgomery v. Hamilton, 43 Ind. 451; Kerr v. Cameron, 19 U. C. Q. B. 366.

The promise should have been in writing: Moore v. Capps, 3 Gilm. 315; Hopkins v. Woodward, 75 Ill. 62; Durant v. Rogers, 71 Ill. 121; Curry v. Mack, 90 Ill. 606.

Payment of interest will not revive the debt: Com. Inst. v. Littlefield, 6 Cush. 210; White v. Cushing, 30 Me. 267; Stark v. Stinson, 23 N. H. 259; St. John v. Stephenson, 90 Ill. 83.

Plaintiff must allege and prove a legal and binding contract: Durant v. Rogers, 71 Ill. 121; Runde v. Runde, 59 Ill. 98; Hite v. Wells, 17 Ill. 88; Northrup v. Jackson, 13 Wend. 35.

HIGBEE, J.   Defendants in error were sued by plaintiff in error on a promissory note for $2,000, dated February 1, 1872, due twelve months after date, signed by William L. Greene, James S. Vedder and defendants in error, payable to plaintiff in error.

To the declaration defendants in error pleaded that the consideration of the note was money loaned by the plaintiff to said Greene on the day the note bears date; and that they and the said Vedder signed the note as securities only for said Greene, which fact was well known to the plaintiff.   That Greene, the principal in the note, departed this life intestate on the 25th day of October, 1875, and that letters of administration were granted on his estate to Priscilla Greene by the county court of said county, on the 25th day of October, 1875; and said administratrix then and there qualified and entered upon the discharge of her duties, etc.   That said note was not presented against the estate of said William L. Greene for allowance within two years from the granting of letters upon said estate, or at any time thereafter.

To this plea plaintiff filed four replications:

1.   A new promise by defendants after the death of William L. Greene.

2.   A new promise after the expiration of two years from the granting of letters of administration.

3.   That defendants, on the 9th day of August, 1878, being more than two years after letters were granted, paid the interest then due on said note.

4.   That William L. Greene's estate was insolvent, and paid nothing beyond claims of the first class.

A demurrer was filed to these replications, and sustained by the court, and their sufficiency is the only question now presented for our determination.

The first replication does not aver that the promise to pay was made after the expiration of two years from the grant of administration on W. L. Greene's estate.

The note was executed while the act of the 4th of March, 1869 was in force.   It provides that " Whenever the principal maker of a joint note shall depart this life, it shall be the duty of the payee or assignee thereof to present the same against the estate of decedent for allowance to the proper court within two years after the granting of letters testamentary or of administration on his or her estate; and if said payee or assignee shall fail or neglect so to do, the surety or sureties in such note shall be released from the payment thereof."

A promise to pay before the expiration of the two years did not add to the obligation already existing by the terms of the note, and could not have the effect to relieve the plaintiff from her duty to present her claim within the time prescribed by the statute.

The second replication sets up a promise made after the release of the defendants, by a failure on the part of plaintiff to file her note for probate.

It is now well settled that a mere moral obligation is not a sufficient legal consideration to support either an express or an implied promise; for the law, although it will not suffer any immorality, cannot undertake to enforce every promise, which a man of strict honor and integrity would feel himself bound to fulfil.

A qualification to this rule, however, obtains in cases where there was originally a sufficient valuable consideration, upon

which an action could have been sustained, but where, in consequence of some statute or positive rule, growing out of general principles of public policy, the right of action is suspended and the party is exempted from legal liability. In such cases the moral obligation is sufficient to support an express promise, though it would not raise an implied promise. This exception includes all promises barred by the Statute of Limitations, or discharged by the bankrupt or insolvent law; and promises by an adult to pay debts contracted during his infancy. Story on Contracts, Sec. 445. Bishop on Contracts, states the rule thus: "The doctrine is familiar that no man is compellable to stand on a right which the law gives him. He may always waive it, if he chooses, and the rule applies equally to a right conferred by the common law, by a statute and by a written constitution. Therefore, if the right to sue upon a violated contract is barred by the Statute of Limitations, the delinquent may waive this defense. One mode of waiver is to neglect to plead the statute when sued. But the common method, which is sufficient, by an express promise to pay. If a debt is discharged under the bankruptcy or insolvency laws, the debtor, by a promise to pay it, waives the benefit of those laws, and payment may be compelled." In Parsons on Contract, Vol. 1, p. 434, it is said: "The rule may now be stated as follows: a moral obligation to pay money or to perform a duty, is a good consideration for a promise to do so, when there was originally an obligation to pay the money or to do the duty, which was enforciable at law but for the interference of some rule of law." Before the expiration of two years, plaintiff's right to recover from defendants was unquestionable. Their liability was fixed and certain. The debt has not been paid to plaintiff, but her remedy is taken away by the operation of the statute and a promise to pay under such circumstances is founded upon a sufficient consideration and is binding in law.

A discharge in bankruptcy is as effectual as a discharge under this statute, and yet it is fully settled that a promise after discharge in bankruptcy waives the right to the defense. Classen v. Schoenemann, 80 Ill. 304; Marshall v. Tracy, 74 Ill. 379; Willets v. Cotherson, 3 Bradwell, 644.

The third replication is insufficient.   The payment of interest by defendants after their release by operation of law, did not of itself revive the original obligation.   St. John v. Stephenson, 90 Ill. 83; Allen v. Ferguson, 18 Wall. 1; Porter's Adm'r v. Porter, 31 Maine, 169; Merriam v. Bailey, 1 Cush. 77; White v. Cushing, 30 Maine, 267; Stark v. Stinson, 23 New Hamp. 259; 1 Chitty on Contracts, 434.

The discharge of the surety was not made to depend upon the solvency of the principal by the law in force when this contract was entered into; it therefore follows that the fourth replication set up matter wholly immaterial, and was no answer to the plea.

It is insisted by defendants in error, that if the new promise is valid, it should be declared on as the foundation of the suit, and that it cannot be relied upon by replication.

This objection is not well taken. 1 Parsons on Contracts, 434; Norton v. Colby, 52 Ill. 198; St. John v. Stephenson, 83 Ill. 82.

The case of Marshall v. Tracy, 74 Ill. 379, is decisive of this question.

It follows from what is here said, that the court below properly sustained the demurrer to the first, third and fourth replications, and erred in sustaining it to the second.

For this error the judgment is reversed and the cause remanded.

Reversed.