## ANDREW KATZ

v.

## CHARLES MOESSINGER, use, etc.

1. DISCHARGE IN BANKRUPTCY—NEW PROMISE.—A discharge in bankruptcy will not avail a debtor as a defense, if after the petition in bankruptcy has been filed, and before or after his discharge, he makes an unconditional promise to pay his former creditor, and there need not be a new consideration for such promise, the moral obligation being sufficient to support the same.

2. PROMISE AFTER FILING PETITION, BUT BEFORE ADJUDICATION.—As under the provisions of the late bankrupt law all proceedings have relation back to the time of filing the petition in bankruptcy, a promise by the bankrupt, after filing his petition but before he has been adjudicated a bankrupt, is binding upon him. It is, in contemplation of law, a promise to pay a debt already barred.

3. INSTRUCTIONS NOT IN ACCORDANCE WITH THE PLEADINGS.—An instruction which allows a plaintiff to enforce against the defendant a new promise not set up or alleged in the pleadings, is erroneous.

4. PROMISE TO THIRD PERSONS.—A promise to a stranger, or to one not legally interested in the debt, and who does not pretend to have authority from the creditor to call upon the debtor in relation thereto, will not avoid the bar of the Statute of Limitations.

ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed December 13, 1880.

Mr. ADOLPH MOSES, for plaintiff in error; that the admission of improper testimony, as a conversation, cannot be cured by striking out the improper portions, cited L. B. & M. R. R. Co. v. Winslow, 66 Ill. 219; Lycoming Fire Ins. Co. v. Rubin, 79 Ill. 402.

Under the pleadings, the plaintiff should have been confined to proof of one promise: Fraley v. Kelley, 67 N. C. 78.

Where the evidence is conflicting, the jury should be accurately instructed: Chicago City Railway Co. v. Freeman, 6 Bradwell, 610; Marshall v. Tracy, 74 Ill. 379; Tantum v. Tantum, 5 Bradwell, 548; Village of Warren v. Wright, 3 Bradwell, 602.

There are good reasons why a promise made before discharge in bankruptcy, is against public policy: Stebbins v. Sherman, 1 Sandf. 510; Reed v. Frederick, 8 Gray, 230.

But there must at least have been an adjudication before the promise: Kirkpatrick v. Tatersall, 1 Car. & Kir. 577; Brix v. Braham, 1 Bing. 281; Otis v. Gazlin, 31 Me. 567.

The promise should be made to the creditor and not to a stranger: Wachter v. Albee, 80 Ill. 47; McGrew v. Forsyth, 80 Ill. 596; Carroll v. Forsyth, 69 Ill. 127.

Upon the question of intention merely as differing from an actual present promise: Church of Canterbury v. Hinkley, 7 Gray, 460; Millets v. Cotherson, 3 Bradwell, 644; Allen v. Ferguson, 18 Wall. 1.

Mr. Francis Lackner, for defendants in error; that a new promise made before discharge is binding, cited Stillwell v. Cooper, 4 Denio, 225; Hornthal v. McRae, 67 N. C. 21; Fraley v. Kelley, 67 N. C. 78.

Bailey, J. This was an action of assumpsit, brought on the 14th day of November, 1878, by Charles Moessinger, for the use of Charles F. Schumacher, against Andrew Katz, to recover for certain moneys paid by the plaintiff in satisfaction of judgments recovered upon two promissory notes, dated May 13, 1870, executed by the plaintiff jointly with the defendant, and as his surety. To the declaration containing only the common money counts, the defendant pleaded non assumpsit, and afterwards, by leave of the court filed a plea *puis darrein continuance*, averring that on the 21st day of February, 1879, there was granted to the defendant by the District Court of the United States for the Northern District of Illinois, a discharge in bankruptcy, whereby he was discharged from all debts and claims which, by the bankrupt law, were provable against his estate, and which existed on the 18th day of October, 1870, the day on which the petition for an adjudication was filed against him.

To this plea the plaintiff replied, averring that the defendant, after he was adjudicated a bankrupt, undertook and promised

to pay the plaintiff the money mentioned in the declaration. The defendant thereupon rejoined, denying the new promise, and also averring that the new promise was not made within five years next preceding the commencement of the suit.

On the trial the evidence in relation to the new promise was conflicting. There was, however, an entire absence of evidence tending to show the date at which the defendant was adjudicated a bankrupt, or whether the alleged new promise was made before or after such adjudication. On this state of the evidence the court, at the instance of the plaintiff, gave to the jury the following instructions:

"If the jury believe, from the evidence, that in the year 1872, the defendant became indebted to the plaintiff for money paid by plaintiff for defendant and at his request, that subsequently the defendant was discharged in bankruptcy, and that after such petition was filed, and within five years before the commencement of this suit, the defendant made an unconditional promise to plaintiff to pay him the money so owing, then the defendant is liable to plaintiff for such money, and interest thereon, notwithstanding his discharge in bankruptcy.

" A discharge in bankruptcy will not avail a debtor as a defense, if, after the petition in bankruptcy has been filed, and before or after his discharge, he makes an unconditional promise to pay his former creditor, and there need not be a new consideration for such promise, the moral obligation being sufficient to sustain the same.

" Even if this claim was barred by the Statute of Limitations, a subsequent promise to pay, made within five years before the commencement of the suit, will revive the claim and do away with the Statute of Limitations."

Were we inclined to accept without question the admissions of counsel as to the law, we should be led at once to the unavoidable conclusion that the first two of the foregoing instructions are erroneous. On behalf of the defendant it is insisted that a new promise of a bankrupt, in order to be binding, must be made after the adjudication of bankruptcy, and the counsel for the plaintiff admits, without reservation, that such is the rule. Our examination of the authorities cited, however, has

failed to convince our minds that the rule thus admitted by counsel is supported either by reason or authority.

All the decisions to be found in the reports of this State, where a creditor of a bankrupt has sought to avail himself of a new promise, have been in cases where the new promise appears to have been made after the bankrupt had received his discharge, and where, of course, the question here presented did not and could not arise. Marshall v. Tracy, 74 Ill. 379; Classen v. Schoeneman, 80 Id. 304; St. John v. Stephenson, 90 Id. 82; Young v. Denslinger, 2 Bradwell, 22; Willetts v. Cotherson, 3 Id. 644.

In the following case, to which we are referred, viz: Corliss v. Shepherd, 28 Me.; Otis v. Gazlin, 30 Id. 567; Hornthal v. McRae, 67 N. C. 21; Fraley v. Kelley, Id. 78; and Donnell v. Swaim, 3 Penn. Law Jour. 393, the plaintiff sought to avail himself of a new promise made after the adjudication and before the bankrupt had received his discharge, and it was held that such new promise was binding. In neither of these cases, however, did any question arise as to the effect of a promise made after the filing of the petition and before the adjudication. The English cases cited seem to be based upon the provisions of a bankrupt law essentially different from ours, and can furnish us little or no light upon this question.

In Stillwell v. Cooper, 4 Denio, 225, the court, it is true, in the opinion use language which seems to hold that a promise made at any time between the presentation of the petition and the granting of the discharge will save the debt from the operation of the discharge, yet in that case it appeared that the promise relied upon was made after the adjudication, and the case therefore cannot be regarded as an authority one way or the other, as to the effect of a promise before adjudication.

The only case to which we are referred, or which we have been able to find, where this question was directly presented, is Stebbins v. Sherman, 1 Sandf. 510. In that case, to a plea setting up a discharge in bankruptcy, the plaintiff replied a new promise made after the presentation of the petition in bankruptcy and before the commencement of the suit. To this replication, a demurrer was sustained, on the ground that it

did not allege that the new promise was made after the defendant was adjudicated a bankrupt. This decision seems to have been based principally if not exclusively upon the peculiar provisions of the bankrupt act of 1841. That act, unlike the act of 1867, treated the bankrupt as the legal owner of his property, up to the entry of the decree in bankruptcy, and provided that such decree should operate to divest him of his estate and vest it in his assignee when appointed. It was accordingly held under that act, that all debts existing before and at the date of the decree were provable under the bankruptcy, and that all debts up to that time were barred by the bankrupt's discharge. Downer v. Brackett, 5 Law Reporter, 392; see, also, *Ex parte* Newhall, 2 Story, 360; *Ex parte* Bennett, 1 Penn. Law Jour. 144.

By the act of 1867, the title of the assignee was made to relate back to the commencement of the proceedings in bankruptcy, and no debts were provable except such as were existing at that time. As a consequence, debts contracted after the filing of the petition, though before the adjudication, were not barred by the discharge.

So long as a debt is subsisting and in full force, a mere promise to pay it is without consideration, and adds nothing to the legal liability of the debtor. But after the debt is barred by the discharge in bankruptcy, a moral obligation to pay continues notwithstanding the discharge, which, coupled with the past legal liability, constitutes a valid consideration for a new promise. Where the bar created by the discharge relates back to the date of the adjudication, as seems to have been the case under the act of 1841, it is manifest that a new promise made before that date creates no new liability, for the reason that the original indebtedness is still subsisting at the date of the new promise. It was upon this principle that the demurrer to the replication was sustained in Stebbins v. Sherman, *supra*. But where the bar of the discharge relates back to the date of filing the petition, and discharges the indebtedness existing at the time, as was the case under the act of 1867, it is plain that a promise made subsequently, though before the adjudication, is not a promise to pay a subsisting debt, but to pay one which,

Katz v. Moessinger.

in contemplation of law, is already barred. Such promise may be enforced against the debtor. We are of the opinion, therefore, that the counsel on both sides are in error in their view of the law applicable to this question.

But there is another reason why the first two instructions above recited should not have been given. The plaintiff has, by the terms of his replication, limited himself to new promises made subsequent to the adjudication of bankruptcy. His averment is, "that after the said defendant became and was adjudicated a bankrupt, to wit: on the 15th of May, 1874, the said defendant undertook and faithfully promised the said plaintiff to pay him the said sum of money in the said declaration mentioned." Although the plaintiff might have availed himself of a new promise made at any time subsequent to filing the petition in bankruptcy, he has not sought to do so. To support his replication, it was incumbent upon him to establish the date of the adjudication, and to prove a new promise subsequent to that date.

The averment that the promise was subsequent to the adjudication, was matter of description of the promise sought to be enforced, and must be proved. It is said by Mr. Greenleaf, that "any allegation which narrows and limits that which is essential, is necessarily descriptive." 1 Greenl. on Ev. § 58. That such is the character of the allegation here seems to us to be quite apparent.

The instructions, then, are erroneous, in that they allow the plaintiff to enforce against the defendant new promises which are not set up or alleged in the pleadings. It may be further remarked, that as there is no proof of the date of the adjudication, the plaintiff has failed to prove his replication, and the judgment must be reversed for want of evidence.

We also think that the third instruction for the plaintiff was erroneous and likely to mislead the jury. The evidence of a new promise made by the defendant directly to the plaintiff was conflicting, the plaintiff's evidence tending to show an absolute promise, and that of the defendant a conditional one, viz: a promise to pay when he should become able so to do. In addition to this, there were introduced by the plaintiff sev-

eral witnesses who testified to acknowledgments of the indebtedness in question, and promises to pay it made to them by the defendant in the absence of the plaintiff. There is no pretense that these witnesses had any interest in the indebtedness, or were authorized by the plaintiff to act as his agent in relation thereto.

The law is well settled that a promise to a stranger or to one not legally or equitably interested in the debt, and who does not pretend to have authority from the creditor to call upon the debtor in relation thereto, will not avoid the bar of the statute of limitations. By the instruction, the jury were told that a promise to pay the debt within five years, would remove the bar of the statute, no matter to whom the promise may have been made. There being evidence of promises made to strangers, the instruction should have been confined to the evidence of promises made directly to the plaintiff. Watcher v. Albee, 80 Ill. 47; McGrew v. Forsyth, Id. 596; Carroll v. Forsyth, 69 Id. 127.

For the foregoing errors, the judgment will be reversed and the cause remanded.

Judgment reversed.