The Jersey City Insurance Company, Respondent, v. Charles S. Archer, Appellant.

A promissory note given by a debtor, after he has been adjudicated a bankrupt and before his discharge, for a debt which existed prior to the date of filing his petition, is not released by his discharge in bankruptcy. The including of such a note in an amended schedule of indebtedness has no effect on the rights of the parties, as only debts existing on the day the petition was filed are discharged. (U. S. R. S. § 5115.)

(Argued October 7, 1890; decided October 21, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 16, 1887, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Circuit without a jury.

This was an action upon a promissory note.

On February 1, 1877, the defendant was indebted to Cornelia B. Paulmier in the sum of $867.50 for rent, and on that day they entered into a written contract, by which she agreed to extend the time of payment for eighteen months, provided the debt was secured by the defendant's note, due in three months, so indorsed by his wife as to charge her separate estate, and to be secured by like notes given in renewal until the arrival of the time fixed for payment, which was August 1, 1878. Pursuant to this contract, the defendant, February 1, 1877, made his note for $867.50, payable at a bank three

months after date to the order of his wife, who indorsed it
generally and charged her separate estate with its payment.
At maturity this note was taken up by a second one so made
and indorsed, which was taken up by a third note for $899.12,
dated August 7, 1877, payable at the Second National Bank
of Jersey City, so made and indorsed, which fell due November
10, 1877. On the 2d day of October, 1877, the third
note being outstanding, the defendant filed a voluntary petition
in bankruptcy, with schedules of indebtedness annexed,
wherein this note was described, and on the third day of the
same month he was, on his own petition, duly adjudicated a
bankrupt. At the maturity of this note, November 10, 1877,
it was taken up by a fourth note for $915.38, made by the
defendant and indorsed by his wife, payable three months
after date at the Second National Bank of Jersey City, which
fell due February 12, 1878, when the defendant made a fifth
note, payable three months after its date at No. 229 Broadway,
New York city, to the order of his wife, which was
indorsed by her generally, and fell due May 15, 1878. On
the day of the date of this note, the defendant amended his
schedules of indebtedness and included therein the last note,
but neither it nor any of the previous ones were proved
against his estate. May 3, 1882, the defendant was discharged
from all debts and claims provable against his estate which
existed on the 2d day of October, 1877. This action was
begun May 29, 1882, to recover the amount due on the note of
February 12, 1878. Two defenses were interposed : (1) That
the discharge in bankruptcy was a bar, and (2) that the plaintiff
was not the owner of the note.

*Dennis McMahon* for appellant. By the operation of the
Bankrupt Law of 1867, this debt was absolutely discharged.
(U. S. R. S. §§ 5020, 5067, 5071; *In re Hellar,* 5 Bank. Reg.
46; 41 How. Pr. 213.; *Lamb* v. *Brown,* 12 Bank. Reg. 533;
*In re Brown,* 11 id. 149; *Stern* v. *Musbaum,* 5 Daly, 382;
*Platt* v. *Packer,* 6 T. & C. 377.) The subsequent talks
of C. S. Archer with N. Foote, president of the plaintiff's

company, and with Bissell, do not amount in law to a new promise to the present plaintiffs reviving the debt against him after his discharge. (*Allen* v. *Ferguson*, 18 Wall. 1; Hill on Banks, 2646.) The new promise must be to the plaintiff, as holder of the note in suit. (*Deputy* v. *Smart*, 3 Wend. 135; *Moore* v. *Viele*, 4 id. 420; 67 N. C. 80.)

*Treadwell Cleveland* for respondent. The decision of the General Term upon the questions of fact presented on the evidence in this case cannot be reviewed by this court. (Code Civ. Pro. §§ 992, 1337; *In re Ross*, 87 N. Y. 514, 516; *S. O. Co.* v. *A. Ins. Co.*, 79 id. 506; *Healy* v. *Clark*, 120 id. 642.) The court committed no error in refusing to hold that the debt upon the note in suit was barred by the defendant's discharge in his bankruptcy proceedings. (*Dusenbury* v. *Hoyt*, 53 N. Y. 521; *In re Merriman*, 18 Bank Reg. 411; *Roberts* v. *Morgan*, 2 Esp. 736; *Brix* v. *Braham*, 1 Bing. 281; *Stillwell* v. *Coope*, 4 Den. 225; *Fraley* v. *Kelly*, 67 N. C. 78; *Hornthal* v. *McRae*, id. 21; *Kirkpatrick* v. *Tattersall*, 13 M. & W. 766; *Lerow* v. *Wilmarth*, 7 Allen, 463; *Allen* v. *Ferguson*, 18 Wall. 1.) Defendant's exceptions are disposed of by the general rule, that, as the defendant could not possibly have been prejudiced by the rulings excepted to, the judgment will not be reversed for any error in such rulings. (*McGean* v. *M. R. Co.*, 117 N. Y. 224; Baylie on New Trials and App. 175, 176.) It was not necessary for the plaintiff to plead the new promise in reply to the defendant's discharge set up in his answer. (*Dusenbury* v. *Hoyt*, 53 N. Y. 527.)

FOLLETT, Ch. J. A promissory note given by a debtor after he has been adjudicated a bankrupt and before he is discharged for a debt which existed prior to the date of the filing of his petition is not released by his discharge in bankruptcy. (*Stillwell* v. *Coope*, 4 Den. 225; *Knapp* v. *Hoyt*, 57 Iowa, 591; *Lerow* v. *Wilmarth*, 7 Allen, 463; *Allen* v. *Ferguson*, 18 Wall. 1; *Hornthal* v. *McRae*, 67 N. C. 21; *Fraley* v.

*Kelly,* Id. 78; *Kirkpatrick* v. *Tattersall,* 13 M. & W. 766; *Brix* v. *Braham,* 1 Bing. 281.)

Chapter 324 of the Laws of 1882 provides that an oral promise to pay a debt which has been discharged under the Bankrupt Act is not valid, but that statute has no effect upon the defendant's liability, for his promise is in writing; besides it was passed after this action was begun. Including this note in the amended schedules of indebtedness had no effect on the rights of the parties, for only debts which existed on the day when the petition was filed are discharged. (U. S. R. S. § 5115.)

The trial court found as a fact that the defendant became the owner of the note before maturity and for value, and there being evidence to sustain this finding, it is a conclusive answer to the second defense.

No error was committed by the trial court in its rulings upon the admissibility of evidence.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.