## Chicago, M. & St. P. R. R. Co. v. Edward Smith.

1. WORDS AND PHRASES—" Settle"—Admissions.—When a claim is presented to a railroad company, and its claim agent, without questioning its legality, promises to settle, such promise must be held to apply to the claim as presented.

Assumpsit, on a promise to pay the amount of a claim.   Trial in the Circuit Court of Jo Daviess County; the Hon. JAMES S. BAUME, Judge, presiding.   Verdict and judgment for plaintiff.   Appeal by defendant. Heard in this court at the May term, 1898.   Affirmed.   Opinion filed September 26, 1898.

GEORGE L. HOFFMAN, attorney for appellant.

D. & T. J. and J. M. SHEEAN, attorneys for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action of assumpsit, brought by appellee against appellant, and which was based upon an alleged promise of appellant to pay appellee the amount of a certain claim presented by him to the railroad company for the damage to, and destruction of property, by a washout on the line of its railroad in Carroll county. This claim had been in the hands of appellant for more than six months, and while it denied any legal liability, no question was ever raised as to the correctness of the account, provided the company was legally bound to pay it. It appears that W. I. Earhart, a claim agent of appellant, apparently acting under authority (which does not seem to be denied), met appellee at Savanna in relation to this claim, and appellee testifies that Earhart then promised that if he, appellee, would discourage the prosecution of other claims against the company, arising out of the same washout, that appellant would "settle" with appellee. It is true there is a conflict in the testimony as to what was said between Earhart and appellee at Savanna, but the jury, who saw the witnesses and heard them testify, have found specially that Earhart, as agent, on behalf of appellant, agreed to pay the amount of appellee's claim, and also found specially that he had authority from appellant to agree to pay the claim. In addition the jury also found a general verdict in favor of appellee for $266.50, which was the amount of his claim as presented to the company. It is not denied that appellee tried to discourage the prosecution of the other claims against the company, and in this respect fulfilled the condition upon which he says the promise was made.

Two questions are presented for determination, viz.: First, was the promise made as claimed by appellee; second, if such promise was made, did it mean payment of appellee's claim as presented, and was it sufficiently definite to support an action.   Upon the first question we are not disposed to interfere with the finding of the jury upon the evidence appearing in the record.   We can not say the verdict is not supported by the evidence.   If the jury believed the statements of appellee, as they had the right to do, then the promise was made.

Upon the second question we are of the opinion, based upon the authorities, that a promise to " settle," under the circumstances, must be construed as a promise to pay the claim which appellee had presented and was insisting upon. No question had been raised as to the correctness of the bill, although, as we have seen, it had been in the hands of appellant for some six months.   The only controversy had been one of legal liability.   Under such circumstances a promise to " settle," regarded as a promise to pay, must be held to apply to the claim as presented.   22 Am. and Eng. Ency. of Law 489, note 4; Pinkerton v. Bailey, 8 Wend. 600; Stillwell v. Coope, 4 Denio, 225.

We find no serious errors in the rulings of the court, and the judgment, appearing to be just, will be affirmed.