PIÑEIRO, PLAINTIFF AND RESPONDENT, *v.* PÉREZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in an action of debt.

No. 1080.—Decided April 2, 1914.

BANKRUPTCY—RENEWAL OF NOTE BEFORE DISCHARGE.—The clear and specific renewal of a note by a bankrupt after his adjudication as such and before his discharge is valid and the debt is actionable.

. The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for respondent.

*Mr. Dámian Monserrat, Jr.,* for appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

When the appellant filed his petition in voluntary bankruptcy he included in his schedule of debts the amount of a promissory note which he owed to a bank of this city and which the respondent had guaranteed as surety. The note having matured, the appellant renewed the obligation before his discharge in bankruptcy by making another note which was also secured by the respondent who finally was obliged to pay the same to the creditor bank. Thereupon the surety brought this action to recover from his principal the amount he had paid out for him.

Judgment having been rendered against the defendant for the amount claimed, he took the present appeal therefrom, basing the same upon the sole ground that the judgment is erroneous because a debt which has been renewed by a bankrupt after his adjudication as such and before his discharge, is not actionable. However, the renewal being clear, express, distinct, unmistakable and unconditional, it is immaterial whether it was made before or after the discharge of the bankrupt and after his petition in bankruptcy had been filed. In this connection, the best argument obtainable is found in the following extract from an opinion delivered by the Supreme Court of the United States in deciding a similar question in 1912 in the case of *Zavelo* v. *Reeves,* 227 U. S., 629, in which the court expressed itself as follows:

"It is contended as to both replications that although a debt barred by discharge in bankruptcy may be revived by a new promise made after the discharge, this cannot be done by a new promise made in the interim between the adjudication and the discharge.

"It is settled, however, that a discharge, while releasing the bankrupt from legal liability to pay a debt that was provable in the bankruptcy, leaves him under a moral obligation that is sufficient to support a new promise to pay the debt. And in reason, as well as by the greater weight of authority, the date of the new promise is immaterial. The theory is that the discharge destroys the remedy but not the indebtedness; that, generally speaking, it relates to the incep-

tion of the proceedings, and the transfer of the bankrupt's estate for the benefit of creditors takes effect as of the same time; that the bankrupt becomes a free man from the time to which the discharge relates, and is as competent to bind himself by a promise to pay an antecedent obligation, which otherwise would not be actionable because of the discharge, as he is to enter into any new engagement. And so, under other bankrupt acts, it has been commonly held that a promise to pay a provable debt, notwithstanding the discharge, is as effectual when made after the filing of the petition and before the discharge as if made after the discharge. *Kirkpatrick* v. *Tattersall,* 12 M. & W., 766; *Otis* v. *Gazlin,* 31 Maine, 567; *Hornthal* v. *McRae,* 67 Nor. Car., 21; *Fraley* v. *Kelley,* 67 Nor. Car., 78; *Hill* v. *Trainer,* 49 Wisconsin, 537; *Knapp* v. *Hoyt,* 57 Iowa, 591; 42 Am. Rep., 59; *Lanagin* v. *Nowland,* 44 Arkansas, 84; *Wiggin* v. *Hodgdon,* 63 N. H., 39; *Griel* v. *Solomon,* 82 Alabama, 85; *Jersey City Ins. Co.* v. *Archer,* 122 N. Y., 376.''

The judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.