Piñeiro, Demandante y Apelado, *v*. Pérez, Demandado y
Apelante.

Apelación procedente de la Corte de Distrito de San Juan,
Sección 1ª., en un caso sobre cobro de cantidad de dinero.

No. 1080.—Resuelto en abril 2, 1914.

Quiebra—Renovación de un Pagaré Antes de la Rehabilitación del Que-
brado.—La renovación clara y terminante de una deuda por un quebrado
después de la declaración de quiebra y antes de haber sido exonerado de su
deuda es válida y la deuda es exigible judicialmente.

Los hechos están expresados en la opinión.
Abogado del apelado: *Sr. Eugenio Benitez Castaño.*
Abogado del apelante: *Sr. Damián Monserrat, Jr.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tri-
bunal.

Cuando el apelante se presentó en quiebra voluntaria, in-
cluyó en la relación de sus deudas la cantidad que según un
pagaré debía a un banco de esta ciudad, la que el apelado
había garantizado como fiador. Habiendo vencido esa obli-
gación, fué renovada por el apelante antes de ser exonerado
de sus deudas (*discharged*), mediante el otorgamiento de otro
pagaré garantizado también por el apelado quien en defini-
tiva tuvo que pagarlo al banco acreedor, y con este motivo
se estableció el presente pleito por el fiador para que su fiado
le pagase la cantidad que por él satisfizo.

Interpuesto por el demandado el presente recurso de ape-
lación contra la sentencia que le condenó al pago de la suma
reclamada, el único motivo en que lo funda es que la sentencia
es errónea porque no es exigible la deuda que ha sido reno-
vada por un quebrado después de la declaración de quiebra
y antes de haber sido exonerado de sus deudas (*discharged*).
Sin embargo, existiendo la renovación clara, expresa, dis-
tinta, inequívoca y sin condiciones, no es de importancia si
se verificó antes o después de haber sido exonerado el que-

brado de sus deudas y después de presentada la solicitud de
quiebra. La mejor argumentación que puede hacerse a este
respecto es transcribir la que al considerar igual cuestión
expuso el Tribunal Supremo de los Estados Unidos al resol-
ver recientemente, en el año 1912, el caso de *Zavelo v. Reeves,*
227 U. S., 629, en el cual se expresó de la siguiente manera:

"Se alega en cuanto a ambas réplicas que, aunque una deuda
extinguida por la exoneración hecha en la quiebra puede ser renovada
por una nueva promesa después de tal exoneración, no puede esto veri-
ficarse cuando la nueva promesa se hace dentro del período compren-
dido entre la declaración de quiebra y la exoneración.

"Sin embargo, es una cuestión que ya ha sido resuelta, que si bien
la exoneración exime al quebrado de la responsabilidad legal de tener
que pagar una deuda susceptible de ser probada (*provable debt*) en
la quiebra, la obligación moral en que queda es suficiente para fundar
en ella una nueva promesa de pago de dicha deuda. Y de acuerdo
con la lógica y la opinión de la mayoría de las autoridades, la fecha
de la nueva promesa no es una cuestión esencial. La teoría es que la
exoneración anula el remedio pero no la obligación; que, hablando
en términos generales, la exoneración hace referencia al comienzo
de los procedimientos, y el traspaso de los bienes del quebrado en
beneficio de los acreedores es efectivo como si se hubiera hecho al
mismo tiempo; que desde la fecha a que se refiere la exoneración queda
el quebrado un hombre libre estando tan capacitado para comprome-
terse a satisfacer una obligación anterior que de otro modo no podría
hacerse efectiva por haber quedado exonerado de sus deudas, como
para celebrar cualquier nuevo convenio. Así pues, de acuerdo con
otras leyes de quiebras se ha resuelto generalmente que la promesa
de pagar una deuda susceptible de prueba es tan eficaz, a pesar de la
exoneración del quebrado, cuando se hace después de presentada la
solicitud y con anterioridad a dicha exoneración como si se hiciera
después de la misma. *Kirkpatrick v. Tattersall,* 13 M. & W., 766;
*Otis v. Gazlin,* 31 Maine, 567; *Hornthal v. McRae,* 67 Nor. Car., 21;
*Fraley v. Kelley,* 67 Nor. Car., 78; *Hill v. Trainer,* 49 Wisconsin,
537; *Knapp v. Hoyt,* 57 Iowa, 591; 42 Am. Rep., 59; *Lanagin v.
Nowland,* 44 Arkansas, 84; *Wiggin v. Hodgdon,* 63 N. H., 39; *Griel
v. Solomon,* 82 Alabama, 85; *Jersey City Ins. Co. v. Archer,* 122
N. Y., 376."

La sentencia apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.