GOODMAN & SUSS, INC., Plaintiff, *v.* ABRAHAM ROSENTHAL, Defendant.

Supreme Court, Monroe County, July 12, 1930.

*Wile, Oviatt & Gilman*, for the plaintiff.

*Goldstein & Goldstein*, for the defendant.

RODENBECK, J. There is no issue of fact raised by the affidavit submitted by the defendant in answer to the papers on the motion for summary judgment. The moral obligation of the defendant to pay plaintiff is sufficient to support the new notes. (*Jersey City Ins. Co.* v. *Archer*, 122 N. Y. 376; *Herrington* v. *Davitt*, 220 id. 162; *Zavelo* v. *Reeves*, 227 U. S. 625.) There is nothing to go to the jury upon the defense of want of consideration or accommodation. It is not enough for the defendant to reiterate his defense or state conclusions in his affidavit. He is required to state facts which will satisfy the court that he has a meritorious defense. This he has not done, in the face of the notes and letters written by him, which are not replied to. The note for $3,517.92 first appears December 19, 1927, as a note for $3,403.34, renewed March 19, 1928, for $3,454.40, both given after the filing of the defendant's petition in bankruptcy, and before his discharge on April 4, 1928. It appears July 19, 1928, as a note for $3,450.40; November 19, 1928, for $3,454.50; March 19, 1929, for $3,554.40; July 19, 1929, for $3,493.50, and, finally, November 19, 1929, for $3,517.92. The note for $5,719.84 first appears after the filing of the petition in bankruptcy as a note for $5,220, dated December 19, 1927, and, subsequent to the discharge in bankruptcy, as a note for $5,324.40 dated April 19, 1928; $5,325.40 dated August 20, 1928; $5,430.90 dated December 20, 1928; $5,607.68 dated April 22, 1929, and, finally, $5,719.84 dated August 22, 1929. The interest added to these notes indicates that they were not accommodation notes, and it also appears on the notes themselves that they were not discounted, as claimed by the defendant. Notes based on value received are not accommodation paper. (Neg. Inst. Law, § 55.) The answer was evidently put in for delay, which also appears from demands made on defendant for renewals or interest, and statements of defendant in letters, one dated July 17, 1928, " will send you the interest  *  *  * sorry I couldn't enclose it today." November 17, 1928, " I did not send the interest as I couldn't get hold of the money  *  *  *  am hoping to be able to send it before the end of next month." There is no replying affidavit to that of Goodman, verified April 24, 1930. The defense is not genuine and there is no issue to try.

The motion for summary judgment is granted, with ten dollars costs, and the motion for a change of venue is denied, with ten dollars costs.