## OTIS *versus* GAZLIN.

A promise to his creditor, made by a debtor, *after having been decreed to be a bankrupt*, and before the obtaining of his discharge in bankruptcy, that he will pay a previously existing debt, will not be impaired by the subsequently acquired discharge.

Such a new promise is held to mean, that the promisor will not set up his expected discharge to avoid the payment of the debt.

Such a promise revives the debt. It need not be declared upon as the cause of action, but may be proved as a bar to the operation of the discharge.

The statute passed August 3, 1848, c. 52, requiring such new promise to be in writing, is not applicable to actions commenced before its enactment.

WELLS, J. — This is an action of debt to recover the

amount of a judgment recovered against the defendant for a debt due in June, 1842. In Feb'y, 1843, the defendant was decreed a bankrupt, and in Jan. 1847, obtained his discharge. In December, 1846, the attorney of the plaintiff employed an agent to call on the defendant for payment of an execution, which issued on the judgment; the defendant said he could not pay it at that time, but would pay it in the course of the winter.

A new promise, to pay a debt made after the promisor has been decreed a bankrupt, is valid and binding upon the party making it, and is not affected by the subsequent discharge. *Corliss* v. *Shepherd*, 28 Maine, 550.

It is contended on the part of the defendant, that a new promise made by a bankrupt can have no effect upon a judgment, whatever it might have upon causes of action for which assumpsit is the proper remedy. But no authority has been cited in support of that distinction, and the same principle must apply to all debts, irrespective of the form of action prescribed for their recovery.

After a bankrupt has received his discharge, if he makes a new promise to pay the debt, it has the effect to revive the debt and defeat the discharge, and places the debt in the same condition, in which it was before the discharge was obtained. The new promise is regarded as a complete and full answer to the discharge, as is the case where a new promise is proved in reply to the statute of limitations, by which the bar arising from the lapse of time is removed.

In the present case, the promise was made before the discharge was obtained, but after the decree of bankruptcy; the proceedings in bankruptcy were in progress but unfinished, and the meaning of the promise must be, that the defendant would pay the debt and would not set up his expected discharge against it. Promises to pay debts made after the petition in bankruptcy and before the discharge, have been regarded in the same manner as those made after the discharge, and as leaving the debts unaffected by it. It has not been considered necessary that such promises, creating new

contracts should be declared upon, and the old debts alleged as their consideration, but their reception in evidence has been held to revive the debts. The new promise in this case must be regarded as having the same effect as if the declaration set out a cause of action in assumpsit, and as preventing the operation of the discharge upon the judgment, which in consequence of the promise remains in full force, unimpaired by the discharge.

The action was commenced before the passage of the Act of August 3, 1848, c. 52, requiring such new promise to be in writing, and it is not affected by that Act, as was decided in the case of *Spooner* v. *Russell*, 30 Maine, 454.

The exceptions disclose sufficient evidence to authorize a jury to find a verdict for the plaintiff, and the nonsuit, which was ordered, must be set aside.

*Exceptions sustained.*

*Webster*, for plaintiff.

*H. & H. Belcher*, for defendant.