ASA T. AND O. F. BARRON *v.* GEO. T. BENEDICT.

*New .Promise.    Discharge in Bankruptcy.    Evidence.    Party.*

A promise to pay a debt discharged by proceedings in bankruptcy need not be made in writing to be valid, therefore may be proved by parol, and when proved is binding, and the party plaintiff is a competent witness to testify to the promise.

ASSUMPSIT.    Plea the general issue, and discharge in bankruptcy.    Replication, a new promise subsequent to said discharge. Trial by jury, December term, 1871, BARRETT, J., presiding.

On trial the plaintiffs presented an account for boarding defendant, his wife and child, in 1867 and 1868, amounting to $288.79. The five first items of the account, amounting to $224.12, accrued previous to defendant being adjudged a bankrupt; the balance accrued subsequent thereto. To prove the new promise relied upon, the plaintiff, Asa T. Barron, was produced as a witness to testify to said new promise, to which the defendant objected, upon the ground of his being a party, but the court overruled the objection and allowed him to testify to the same, to which the defendant excepted.

The plaintiffs also called three witnesses to testify to conversations which they had held with the defendant, since his discharge in bankruptcy, wherein as was alleged the defendant admitted that he had promised since his said discharge to pay the plaintiffs their account against him ; to this the defendant objected on the ground that parol evidence was inadmissible to renew a liability already discharged by law, and that that portion of the plaintiffs' account, discharged by defendant's discharge in bankruptcy, could

Barron et al. v. Benedict.

only be renewed in writing and signed by the person to be charged therewith, but the court overruled the objection and permitted the witness to testify as above, to which the defendant also excepted.    Verdict for the plaintiff for the full amount claimed.

*Charles P. Marsh,* for the defendant.

*Wm. E. Johnson,* for the plaintiffs.

The opinion of the court was delivered by

WHEELER, J.    There is no law in this State that requires a promise to pay a debt discharged by proceedings in bankruptcy to be made in writing to be valid.    Therefore such a promise may be proved by parol, and when proved is binding.    The cases *Mc-Laughlin* v. *Hill*, 6 Vt., 20 ; *White* v. *Dow*, 23 Vt., 302 ; and *Spaulding* v. *Vincent*, 24 Vt., 502, cited in behalf of the defendant to the point that the testimony of the plaintiffs was not competent to prove such new promise, were decided upon the law as it stood before the disqualifications of parties as witnesses were removed, and are not applicable to the law as it now stands in that respect.    The parties are now competent witnesses, and such promise, established by their testimony, is as valid as if established by any other mode of proof.

Judgment affirmed.