JAMES BALDWIN *vs.* BERNHARD ROSENMAN.

Any private agreement with a debtor under which a creditor signing a compromise agreement is to have an advantage over other creditors, is void.

And it does not alter the case that the creditor endorsed the composition notes given by the debtor to the other creditors.

ASSUMPSIT; brought to the Superior Court in Fairfield County, and tried to the court before *Martin, J.* Facts found and judgment rendered for the defendant, and motion in error by the plaintiff. The case is fully stated in the opinion.

*W. F. Taylor* and *H. S. Sanford,* for the plaintiff.

*O. A. G. Todd,* for the defendant.

GRANGER, J. The question in this case is, whether upon the facts found relating to the two deeds of compromise the plaintiff is entitled to recover. The first compromise agree-

ment was made in December, 1876, by which the plaintiff and all the other creditors of the defendant agreed to accept fifty per cent. of their respective claims. This agreement the court finds was entered into and signed by the plaintiff upon and in consideration of a further agreement by parol between himself and the defendant, made at that time, that the plaintiff and one Nichols, who was also a creditor, should endorse the compromise notes to be given by the defendant to the other creditors, and that the defendant should pay the plaintiff the full amount of his claim of about $1,600. The existence of this parol agreement was known only to the plaintiff, the defendant and Nichols, and was purposely concealed from the other creditors. The plaintiff would not have signed the compromise agreement nor endorsed the notes if the defendant had not promised to pay him the full amount of his claim.

The court finds that the plaintiff and Nichols did endorse the compromise notes to the other creditors, but that they were paid by the defendant, without the aid of the endorsers. The plaintiff never requested payment of the $800, which was the amount of fifty per cent. of his claim, nor asked for a note therefor; but the defendant on the 1st of October, 1877, executed and delivered to him in payment of the fifty per cent. a note for $800, payable six months from its date to the order of the defendant and endorsed by him. This note the plaintiff presented to the Danbury bank, where it was payable, for discount, but the bank refused to discount it, and the plaintiff still retains it. The defendant had not funds in hand sufficient to pay the note at its maturity, but it was not presented to him for payment nor payment requested by any one, nor did the defendant know where the note was at the time of its maturity or by whom it was held. It further appears that the plaintiff at the request of the defendant on the 22d of December, 1877, commenced a suit against the defendant on his original claim, which was upon two notes of $1,000 and $1,500, and attached all the visible property of the defendant; and the court finds that this suit was commenced and attachment

made in bad faith, and with a fraudulent intent on the part of both the plaintiff and defendant to hinder and delay the other creditors of the defendant in and deter them from collecting their claims.

On the 2d of January, 1878, the defendant effected another compromise with all his then creditors, under which they agreed to take thirty per cent. of their claims. This agreement was in writing and was signed by the plaintiff, who set down against his name the sum of $800 as the amount then due him. The defendant paid all the other creditors thirty per cent. of their claims according to the compromise agreement, and on the 9th of February, 1878, gave the plaintiff a check for $240 in payment of the thirty per cent. of his claim of $800. This check was paid. At the time the last compromise agreement was signed by the plaintiff it was agreed by parol between him and the defendant that he should sign the agreement and that the defendant should pay to him the full amount of his claim of $1,600, and the interest thereon. In pursuance of this agreement and in consideration of the defendant's promise the plaintiff signed the agreement of compromise; but he would not have signed it if the defendant had not agreed to pay him the full amount of his claim. This private agreement was concealed from and wholly unknown to all the other creditors, and was made with a fraudulent intent to give the plaintiff a secret and undue advantage over the other creditors.

Upon these facts the judgment of the court below, in favor of the defendant, was clearly right and in strict accordance with well-settled rules of law. The whole conduct of the plaintiff from the beginning to the end of his dealing with the defendant and his other creditors was in bad faith, and with the fraudulent intent to get a secret and undue advantage over the other creditors of the defendant. To such an attempt the courts can never lend their aid. In law as well as in equity such a contract is vitiated by its fraud. In the case of *Doughty* v. *Savage*, 28 Conn., 146, it was held that " taking a note for the balance of the

indebtedness not covered by the composition notes was such a fraud upon the other creditors as rendered void not only the note so taken but the composition notes themselves," and Chief Justice STORRS, in giving the opinion of the court in that case says (page 154:) "In regard to the stipulation that Gaines should give his individual note for the balance of the debt beyond what was secured by the defendant's endorsement, (which was the amount of the percentage agreed upon in the deed of compromise,) it is clear, and indeed it is not controverted by the plaintiff, that such stipulation would be void, and that the note given in pursuance of it would be invalid, and that even its amount if it had been paid by Gaines could be recovered back by him from the plaintiff."

In the case of *Huntington* v. *Clark*, 39 Conn., 540, the subject of fraud in connection with composition deeds or contracts was fully and thoroughly discussed, and Judge FOSTER, in giving the opinion, says:—"It scarcely need be said that any misrepresentation or concealment on the part of the insolvent renders his release void. Any contract by one creditor for a preference over his fellow creditors is not only void, but, as determined by the later authorities, such contract in effect works a forfeiture of the claim to an otherwise honest dividend. The parties necessarily repose special trust and confidence in each other, and to repress the temptation to abuse or violate that trust and confidence the observance of entire good faith—the *uberrima fides* of the civilians—should be rigidly enforced."

Applying these rules to the facts in this case it very clearly appears that the plaintiff can have no standing in court. There is in his case not only an utter absence of "entire good faith" towards his co-creditors, but his conduct indicates, and the court has found, bad faith amounting to actual and intentional fraud, and it would be a reproach to the law to allow him to reap the benefit of his fraud.

And it does not help his case that he endorsed the compromise notes. This might have been a consideration for a fair agreement for his compensation in some mode, but the

Baldwin *v.* Rosenman.

invalidity of the agreement for the full payment of his claim does not rest at all upon want of consideration, but upon the fraudulent character of the agreement with reference to the other creditors, from whom it was intentionally concealed, and who presumably would not have signed the compromise agreement if they had known of it.

There is no error in the judgment complained of.

In this opinion the other judges concurred.