MICHAEL CRAIG v. FREDRICK L. SEITZ AND JOHN H.     $\frac{63}{71}\frac{727}{257}$
SEITZ.

*Discharge in bankruptcy—New promise—Pleading.*

1. A discharge in bankruptcy is *conclusive* of the non-liability of the debtor, and, while operative, a perfect defense to a suit on a debt barred thereby. *Benedict v. Smith*, 48 Mich. 593.

2. None but an *express* promise to pay, made after the discharge of a bankrupt, can be relied upon, or, if reliance is placed on an acknowledgment, it must be so far *unqualified* as to *necessarily* authorize the implication of the promise to pay, and no other.

3. While the *effect* of a discharge in bankruptcy is to *suspend* the right of action against the debtor, the *debt* remains, and the *moral* obligation to pay it forms a sufficient consideration for the promise to make such payment, which promise need not be in writing.

4. In a suit in assumpsit upon a judgment rendered against a *bankrupt* prior to his *discharge*, the plaintiff need not count *specially* upon the *after-promise* to pay the debt, nor prove same as a part of his case on the trial, but may show such promise to rebut the defense of such discharge, if made by the defendant.

Error to superior court of Detroit. (Chipman, J.) Argued November 12, 1886. Decided November 17, 1886.

Assumpsit. Defendant John H. Seitz brings error. Affirmed. The facts are stated in the opinion.

*E. T. Wood* (*F. G. Russell,* of counsel), for appellant.

*George S. Hosmer,* for plaintiff.

SHERWOOD, J.: The plaintiff brought suit upon a judgment rendered on the third day of April, 1875, in the superior court of Detroit in favor of the plaintiff and against the defendants.

Fredrick L. Seitz was defaulted, and by reason thereof judgment went against him.

John H. Seitz appeared, and pleaded the general issue, and gave notice thereunder that he would show that on the eleventh day of April, 1881, by the judgment of the district court of the United States for the Eastern district of Michigan, he was fully released and forever discharged from the judgment of the claimed indebtedness in a bankruptcy proceeding then and there had.

The plaintiff on the trial did not seek to invalidate the bankruptcy proceeding in the district court, but relied upon a new promise of payment by John H. Seitz to entitle him to recover.

The cause was tried before Judge Chipman in the superior court of Detroit, by jury, and the plaintiff was allowed to recover.

Defendant John H. Seitz brings the case to this Court for review, relying upon alleged errors of the court in receiving the testimony in the case, and in charging the jury, for a reversal.

Fredrick L. Seitz does not appear in the case in this Court, an order of severance having been entered below as to him.

The defendant John H. Seitz makes the following points against recovery by the plaintiff:

"1. That his discharge in bankruptcy, made on the eleventh day of April, 1881, released and discharged him from all debts existing on the twenty-ninth day of August, 1878, of which this was one.

"2. That plaintiff, under his declaration, cannot recover on a new promise.

"3. That no less certainty should be required to revive a debt extinguished by operation of the statute of bankruptcy than is required to revive a debt barred by the operation of statute of limitations.

"4. The promise, as proven, is not sufficiently definite on which to base a cause of action.

"5. The promise, if any was made, is conditional, and plaintiff must prove condition performed."

His counsel also asked the court to charge the jury—

"Unless they found from the evidence that the defendant made a clear, distinct, and unequivocal promise in writing to pay the debt since his discharge in bankruptcy, the verdict as to him should be 'no cause of action.'"

If the defendant's counsel are correct in the law stated in this request, then their objections to testimony were well taken.

The bankruptcy discharge is conclusive of non-liability, and unless something has occurred to remove its effect it is a perfect defense to the claim against John H. Seitz. *Benedict v. Smith*, 48 Mich. 593. An *express* promise to pay since the certificate of discharge was granted, is relied upon by the plaintiff.

Whenever such promise may be resorted to, it is quite well settled that it must be an *express* one, or, if acknowledgment is relied upon, it must be so far *unqualified* as to *necessarily* authorize the implication of the promise to pay, and no other. *Allen v. Ferguson*, 9 N. B. R. 481; S. C. 18 Wall. 1; *Fraley v. Kelly*, 67 N. C. 78; *Linton v. Stanton*, 4 La. Ann. 401; *Branch Bank v. Boykin*, 9 Ala. 320.

In cases where the statute of limitations applies, the statute provides that when the action is founded upon contract, express or implied, such promise or acknowledgment must be in writing, and signed by the party to be charged thereby, in order to prevent the bar. How. Stat. § 8725. No such statute exists, however, in cases where the right of action is barred by a discharge in bankruptcy. These cases are left as at common law; and, while the effect of the discharge is to suspend the right of action, the debt remains, and the moral obligation to pay it forms a sufficient consideration for the promise to make such payment.

This precise question, in case of a discharge in bankruptcy, I think has never been passed upon in this Court; but it is well settled upon authority which must be regarded as decisive upon the question. *Bennett v. Everett*, 3 R. I. 152;

*Underwood v. Eastman,* 18 N. H. 582; *Otis v. Gazlin,* 31. Me. 567; *Maxim v. Morse,* 8 Mass. 127; *Turner v. Chrisman,* 20 Ohio, 332; *Pratt v. Russell,* 7 Cush. 464; *Barron v. Benedict,* 44 Vt. 518; *Apperson v. Stewart,* 27 Ark. 619; *Henly v. Lanier,* 15 N. B. R. 280; S. C. 75 N. C. 172; *Kingston v. Wharton,* 2 Serg. & R. 208; *Evans v. Carey,* 29 Ala. 99; *Stilwell v. Coope,* 4 Denio, 225; *Fletcher v. Neally,* 20 · N. H. 464.

It is claimed that the evidence of the subsequent promise was inadmissible under the declaration; that the promise should have been specially counted upon.

The declaration is in assumpsit upon the judgment, which is really the ground of action, and the evidence of the new promise is in its nature rebutting. The authorities present different views upon this subject; but I think under the liberal system of pleading in this State, contemplated by the Constitution and tolerated by our practice, the evidence should be held admissible under the declaration. The plaintiff's case, *prima facie,* may be made out without introducing the special promise. The discharge may be set up as a defense or not, as the defendant may choose. *Otis v. Gazlin,* 31 Me. 567; *Maxim v. Morse,* 8 Mass. 127; *Dusenbury v. Hoyet,* 10 N. B. R. 313; *Dusenbury v. Hoyt* (S. C.), 53 N. Y. 521; S. C. 14 Abb. Pr. (N. S.) 132; S. C. 36· N. Y. Sup. Ct. 94.

It is also claimed by defendant's counsel that the promise shown is conditional, and no performance is proved. We do· not agree with counsel in this case upon that subject. Be· this as it may, however, the question of the promise and its· character was submitted to the jury in a most unexceptional manner, and the jury has found against the defendant. This question is therefore fully settled.

The principal ground of objection made by defendant was: that the new promise should have been shown to be in writing, and this, as we have seen, was untenable.

The judgment in the superior court must be affirmed.

The other Justices concurred.