LOWELL W. TINKER v JAMES T. HURST.

*Bankruptcy—Composition proceedings—Promissory note given for balance of creditor's claim—Fraud.*

A note given by a *discharged* bankrupt to a creditor for the *balance* of his claim *not* satisfied by composition proceedings, to which the creditor assented up:n the agreement that *such* note should be executed, which constituted its *sole* consideration, is fraudulent and void.[1]

Error to Wayne. (Look, J.) Argued February 1, 1888. Decided May 11, 1888.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

---

[1] See *Harrison v. Gamble*, 69 Mich. 96, for a valuable case upon composition proceedings.

*William E. Henze* (*George W. Radford,* of counsel), for appellant.

*H. M. Campbell* (*Otto Kirchner,* of counsel), for defendant.

SHERWOOD, C. J. The declaration in this cause is upon all the common counts in *assumpsit,* and specially upon a promissory note made by defendant to plaintiff for the payment of $1,624, three years from date, with interest, and dated July 6, 1876 ; also for a balance due on an account of $87.

The defendant pleaded the general issue, and gave notice under his plea that he would show the note was given without consideration, and in fraud of his composition in bankruptcy.

Trial was had in the Wayne circuit court by jury before Judge Look. The claim upon the account was admitted, and verdict and judgment were rendered for that amount for the plaintiff. His claim on the note was rejected; and he now brings error to this Court.

From the testimony it appears that on June 28, 1875, Hurst failed, and filed a voluntary petition in bankruptcy; that Tinker was a creditor to the amount of about $6,600; that, after filing the petition, Hurst made a composition with his creditors, under the provisions of the bankrupt law, for 20 cents upon the dollar, and obtained his discharge. It was necessary for him, under the law, to procure the assent of a majority in number, and three-fourths in amount, of his creditors, to the composition to make it available. Hurst claims and testifies that it was necessary for him to secure the assent of Mr. Tinker, and his vote, to effect the composition; and, to accomplish this, he was obliged to and did agree to give Mr. Tinker three notes, one being the note in suit, for the balance of his claim *after* the composition was carried out. The order confirming the composition was made September 28, 1875.

The defendant claimed upon the trial, and it was the theory

of his counsel in the case, that he gave the note in question, with two others, in pursuance of an agreement made with the plaintiff before the requisite number of creditors had been secured to the composition, whereby the plaintiff should consent to the same, and, after the composition was made and concluded, he should have said notes for the balance of his debt; that such agreement was the sole consideration for the note, and it was therefore void.

On the other side, the plaintiff testifies, and it is his theory of the case, that the note in suit was given to him voluntarily by the defendant; that he wanted to pay his indebtedness to the plaintiff, and, recognizing his moral obligation so to do, long after the composition had been made, and the proceedings closed, he voluntarily came to the plaintiff, and proposed to pay the balance of the indebtedness as soon as he could; that the plaintiff never asked him to pay the balance; that he never made any such agreement with the defendant as he claims; and that he delivered over to Mr. Hurst, when the notes were given, some collaterals he held to secure a portion of the defendant's original indebtedness to him. Upon these two theories the cause was tried.

At the close of the trial the court charged the jury as follows:

"If you find that the note in question was given in pursuance of an agreement with Mr. Tinker, the plaintiff, made prior to the composition with Mr. Hurst's creditors in bankruptcy, by which the defendant was to give the plaintiff his notes for the balance of plaintiff's debt, and was based on no other consideration, such an agreement would be fraudulent and void, and the note given in pursuance of such an agreement would be void."

The jury found specially that such was the fact.

The charge raises the material question in the case. We are satisfied the circuit judge charged correctly in this case. The question is not a new one. It has frequently been before the courts, and in every case which has fallen under observa-

tion it has received the same solution. Lord Kenyon, in
Cockshott v. Bennett, placed his decision on the true ground,
and which we regard as impregnable. Speaking of the cred-
itors in a similar case, he said:

"They all undertook and mutually contracted with each
other that the defendants should be discharged from their
debts after the execution of the deed."

And, as to the revival of the debt by a subsequent promise,
the learned chief justice said:

"Contracts not founded in immoral considerations may be
revived; * * * but this transaction is bottomed in
fraud, which is a species of immorality, and, not being
available as such, cannot be revived by a subsequent prom-
ise." 2 Term R. 763. Britten v. Hughes, 5 Bing. 460;
Jackson v. Lomas, 4 Term R. 166; Sadler v. Jackson, 15 Ves.
52; Payne v. Eden, 3 Caines, 213.

In the case of Wiggin v. Bush, 12 Johns. 305, Mr. Justice
Yates declared—

"That the policy of the law forbids such transactions, and
that the giving of a note afterwards secretly would alone be
sufficient to prevent a recovery upon it." See, also, Tuxbury v.
Miller, 19 Id. 311; Case v. Gerrish, 15 Pick. 49; Fenner v.
Dickey, 1 Flip. 44; Baldwin v. Rosenman, 49 Conn. 105;
Blasdel v. Fowle, 120 Mass. 447; Russell v. Rogers, 10 Wend.
473; Leake, Cont. 767.

Many more cases might be cited, but the foregoing are
sufficient.

Enough appearing to show that the plaintiff has no right
of action upon the note relied upon, it is unnecessary to con-
sider the other assignments of error.

The judgment must be affirmed.

The other Justices concurred.