McCORMICK v. SOLINSKY.

(Circuit Court of Appeals, Fifth Circuit. April 15, 1907.)

No. 1,633.

BANKRUPTCY—CONTRACT TO FURNISH MONEY FOR COMPOSITION—ILLEGAL CONDITIONS.

A contract by a bank to advance the money to pay a composition made by a bankrupt, in part consideration for which it was to receive payment of its own debt in full, is illegal, and will not support an action by the bank to recover from another creditor the amount he received under the composition, and which by such contract, to which he was a party, he agreed to return to the bank.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 587.]

In Error to the Circuit Court of the United States for the Eastern District of Texas.

F. D. Minor, for plaintiff in error.

A. T. Watts and Lewis F. Chester, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. On the case made, the contract by the Citizens' National Bank of Beaumont, under which it advanced the money to pay the composition to creditors in the bankruptcy of E. N. Brown, was illegal, because a part of the consideration thereof was that the bank's debt against the bankrupt should be paid in full, notwithstanding the composition.

Solinsky was a party to the illegal contract, and therein agreed as a part of the inducement that he would return to the bank the amounts received by him under the composition as one of the creditors of the bankrupt, Brown. The present suit, being one to recover from Solinsky the amounts received by him under the composition, is clearly a suit to recover moneys knowingly advanced under an illegal contract.

The judgment of the Circuit Court is therefore affirmed.