### LIEBLEIN v. GEORGE.

1. Bankruptcy—Promise to Prefer—Fraud.

Plaintiff, a creditor, who agreed with a bankrupt to indorse the latter's note for enough to cover a proposed settlement with creditors, if the insolvent would pay his claim in full, could not recover on the contract, which is of a class declared fraudulent and void by the bankruptcy act.

2. Same—Composition.

In the absence of a new consideration the promise was void, being based on a mere assurance of payment.

Error to Houghton, O'Brien, J. Submitted April 14, 1916. (Docket No. 136.) Decided December 21, 1916.

Assumpsit by Edward M. Lieblein against Elias George for goods sold and delivered. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Galbraith & McCormack*, for appellant.
*Burritt & Burritt*, for appellee.

BIRD, J. Plaintiff is a wholesaler of groceries in the city of Hancock. Defendant is engaged in the retail grocery trade at Houghton. In January, 1911, defendant was declared a bankrupt upon his own petition. Soon thereafter he went to plaintiff, with whom he had been dealing for several years, and said to him he thought he could make a good settlement with his creditors if he could secure the money to pay them; that he needed $4,700. He proposed to plaintiff that if he would advance it, or aid him in getting it, he would pay him his claim in full, which amounted to $774.32. Plaintiff consented, and indorsed his note, and it was discounted at one of the banks in Hancock. A composition was then arranged by defendant with his creditors of 20 cents on the dollar, and he was subsequently discharged. Afterward defendant paid his note at the bank, but refused to pay plaintiff's claim in full, as he had agreed. Plaintiff received $154.86, being the 20 per cent. paid him on the composition, which still left a balance of $619.46, and he brought this suit in assumpsit to enforce the payment thereof.

Defendant pleaded the general issue, and gave notice of his discharge in bankruptcy. At the conclusion of the plaintiff's testimony the trial court was of the opinion that the agreement was one providing for a preference in favor of plaintiff as a creditor, and therefore void, and upon motion a verdict was directed for the defendant. The question presented is whether the view of the trial court was the correct one.

That a preference given by a debtor to one of his creditors is fraudulent and void as to other creditors under the bankruptcy act is not controverted; neither is there any contention over the proposition that an agreement to give a preference is void, and will not be enforced by the courts. But counsel for plaintiff seek to avoid the application of these rules on the ground that the defendant promised to pay plaintiff's

claim in full after the composition was consummated, as well as before, and it is argued that defendant's subsequent promise brings the case within the ruling of *Craig* v. *Seitz*, 63 Mich. 729 (30 N. W. 350), wherein it is said:

"While the effect of the discharge is to suspend the right of action, the debt remains, and the moral obligation to pay it forms a sufficient consideration for the promise to make such payment."

The distinguishing feature of this case from the present one is that in the case cited the consideration for the promise was in no wise tainted with fraud, whereas in the present one the defendant's promise before the composition was consummated to pay plaintiff's claim in full was fraudulent and void as to other creditors. *In re Chaplin*, 115 Fed. 163; *McCormick* v. *Solinsky*, 152 Fed. 984 (82 C. C. A. 134) ; *Tinker* v. *Hurst*, 70 Mich. 159 (38 N. W. 16, 14 Am. St. Rep. 482). The last case cited is very similar to the present one on the facts, although counsel point out the distinction that in *Tinker* v. *Hurst* it was shown that the creditor would not agree to the composition until the debtor would agree to pay his claim in full, while in the present case no such demand was made. While the proposition came from the defendant, it appears that plaintiff did not consent to the agreement for a composition until after the proposition had been made, and agreed to by him, and therefore it does not appear to what extent the agreement actuated him in his subsequent conduct. Had it not been for the promise to pay his claim in full, plaintiff might have opposed the composition. He was dealing in the same kind of merchandise, and knew what the assets were worth, and was doubtless well qualified to judge as to whether the offer was a fair one. The first promise is within the ruling of *Tinker* v. *Hurst*.

Counsel argue that no fraud was shown, that plain-

tiff did no wrong in aiding defendant to secure funds with which to settle with his creditors, and they complain of the court for characterizing plaintiff's act as a legal fraud. When defendant offered to pay plaintiff's claim in full, on certain conditions, and plaintiff consented thereto, they made an agreement which, if carried out, would have been in violation of the bankruptcy laws. The policy of the bankruptcy law is to have all creditors of the same class treated alike, and in order to enforce this policy it makes certain acts fraudulent which otherwise would be innocent.

The final question is whether the subsequent promise of defendant will support the action. If it were an independent promise, made after the composition had been effected, without reference to his former promise, it might be construed as valid under *Craig* v. *Seitz, supra;* but if it were an attempt to renew or revive the former agreement, with no other or further consideration, it is burdened with the same infirmity as the first. *Tinker* v. *Hurst, supra.* We are of the opinion that it was the latter. When defendant was about to renew his note at the bank, he was asked by plaintiff to include therein the amount coming to him. He refused, but again promised he would pay it after he had paid the note. This simply amounted to a reassurance that he would do as he had previously agreed, and so far as the record shows it appears to have been based upon the same consideration as the first promise.

We think the verdict was properly directed, and the judgment must be affirmed.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.